DISCOVERY (§ 40*)—EXAMINATION OF PLAINTIFF BEFORE TRIAL.

In an action for breach of marriage promise, where defendant by way of affirmative defenses set up certain acts alleged to have been committed by plaintiff, which, if proved, would probably constitute at least a partial defense to the cause of action, and which defendant would be entitled to prove upon the trial, defendant is entitled to examine plaintiff before trial to establish such facts; she being a competent witness to prove them.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 53; Dec. Dig. § 40.*]

Appeal from Special Term, New York County.

Action by Edith Catherine Poole against Gaston Bullock Meass. From an order vacating an order for examination before trial, defendant appeals. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Alfred W. Haywood, Jr., for appellant.
Alex L. Strouse, for respondent.

SCOTT, J. Appeal from an order vacating an order for the examination of plaintiff before trial.

The action is for damages for the breach of a promise to marry. The defendant, by way of affirmative defenses, sets forth certain acts, alleged to have been committed by plaintiff, which, if proven, will probably constitute at least a partial defense to her cause of action. These acts defendant will be entitled to prove upon the trial, and the plaintiff is certainly a competent witness to prove them. We think that defendant was entitled to examine her before trial, to establish the facts which he alleges in defense.

The order appealed from must be reversed, and the motion denied. The date for the examination to proceed will be inserted in the order, which must be settled on notice. All concur.

---

MERCANTILE TRUST CO. v. GIMBERNAT et al.

(Supreme Court, Appellate Division, First Department. March 10, 1911.)

1. PLEDGES (§ 18*)—ASSIGNMENTS OF CHOSES IN ACTION.

An assignment of a chose in action or an interest therein as security for a debt is a mere pledge, and the assignor retains an interest which he may assert in an action.

[Ed. Note.—For other cases, see Pledges, Dec. Dig. § 18.*]

2. APPEAL AND ERROR (§ 877*)—JUDGMENT—PARTY AGGRIEVED.

A judgment adjudging that assignments of a beneficiary in a trust to B. & C. were valid was reversed so far as it adjudged the validity of the assignment to B., and on a new trial, B. and the beneficiary alone appearing, the court decreed that the assignment to B. was void, and di-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

rected distribution of a part of the trust fund. *Held*, that B. was not interested in the distribution, and he could not on appeal urge that the beneficiary was not entitled to the fund on the ground that C., not having appealed, was concluded by the former judgment adjudging that the assignment to B. was valid.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 877.*]

3. APPEAL AND ERROR (§ 1152*)—DISPOSITION OF CASE.

Where a judgment directs the payment of a trust fund in disregard of a prior unreversed judgment adjudging the validity of an assignment by the beneficiary to a third person, and directing the payment of a part of the fund to the third person, the court on the appeal of one having no interest in the distribution of the trust fund may modify the judgment so as to conform to the former judgment. and to provide for the payment to the third person of the amount of her assignment, with interest, and to the beneficiary of the balance.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4483–4496 ; Dec. Dig. § 1152.*]

Laughlin, J., dissenting in part.

Appeal from Trial Term, New York County.

Action by the Mercantile Trust Company against Jules R. Gimbernat, impleaded with Henry M. Black. From a judgment directing the disposition of a trust fund, Henry M. Black appeals. Modified and affirmed.

See, also, 134 App. Div. 410, 119 N. Y. Supp. 103.

The residuary estate of Jules R. Gimbernat, deceased, was bequeathed to his executors and trustees in trust, one-fourth thereof to be paid to his son, the defendant, Jules R. Gimbernat, upon his attaining the age of 25 years, one-half of the balance upon his attaining the age of 30 years, and the remainder upon his attaining the age of 35 years. The said defendant attained the age of 25 years on the 2d day of December, 1904. At that time the plaintiff, the substituted trustee, paid claims and charges, which had theretofore been created by said defendant, and whose priority and validity were unquestioned, thereby reducing said one-fourth share, then payable, to the sum of $11,000. The defendant Black, as assignee of Richard M. Bell, held three assignments of this fund, aggregating the sum of $10,000, dated, respectively, May 27, 1901, January 31, 1902, and March 5, 1902. Prior to June 7, 1902, the said defendant Jules R. Gimbernat had delivered an assignment to the defendant Banes as trustee to secure the payment of the sum of $10,000 on December 2, 1904, of which sum it was alleged in the complaint $4,600 remained unpaid. On the 5th day of August, 1902, an assignment was made to the defendant Clara L. Gimbernat to secure the payment of $4,000, with interest thereon from the 2d day of December, 1904, and on the 16th day of February, 1903, another assignment was made to her to secure the payment of $3,500 with interest from the 2d day of December, 1904. The other defendants were alleged to be judgment creditors of the said Jules R. Gimbernat. The plaintiff asked to be permitted to pay the said sum of $11,000 into court, and that the defendants interplead each with the other to determine their respective rights thereto. The defendant Jules R. Gimbernat answered, alleging that the assignments to Bell were given as security for usurious loans, and asking that they be declared void, and that the rights of the other defendants to the fund be ascertained. The defendant Clara L. Gimbernat answered, also asking that the assignments to Bell be declared void, and that so much of the fund as might be necessary to satisfy the assignments to her be paid to her. The defendant Black answered, praying for the recovery of the sum of $10,000 and interest from December 2, 1904. The defendant Banes appeared, but made default in pleading. The action was discontinued as to the defendants Marsellus, Pitt & Co. The other defendants answered, setting up their claims to the fund. On the first trial it was adjudged that the as-

signments to Bell were valid, and that the defendant Black was entitled to be paid the sum of $10,000, together with the accrued interest on said sum at the rate allowed by the city chamberlain; that the assignments to the defendant Clara L. Gimbernat were valid; and that she should be paid the sum of $1,000 with accrued interest on said sum, and that the defendants Kaskell, Thorley, Wetzel, and Hogan had no interest in the fund. The defendant Jules R. Gimbernat appealed from so much of the judgment as decreed that the defendant Black was entitled to the payment of the sum of $10,000 with accrued interest. The judgment was reversed, and a new trial granted. 134 App. Div. 410, 119 N. Y. Supp. 103. On the new trial the defendants Black and Jules R. Gimbernat alone appeared, and a judgment was rendered decreeing that the said assignments to Bell were usurious and void, and directing the city chamberlain to pay over to the defendant Jules R. Gimbernat the sum of $10,000, with accrued interest, from which judgment the defendant Black appeals.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and MILLER, JJ.

Benjamin N. Cardozo, for appellant.
Harry Eckhard, for respondent.

MILLER, J. The appellant contends that the respondent Gimbernat is not entitled to the fund in any event; that the other defendants, not having appealed, are concluded by the former adjudication that the assignments to Bell were valid (citing St. John v. Andrews Institute, 192 N. Y. 382, 85 N. E. 143), wherefore the former appeal was futile; that, even if the appellant cannot rely upon the former adjudication as against the only parties really interested in the fund, still the court will not order a fund to be paid to one party, with knowledge that others, not before the court, held assignments of it, wherefore the court will at least direct that the other defendants be again brought into the action, and that the appellant has the right to raise the point for the reason that in equity if the subsequent assignees attack his assignment he can at least insist as between him and them on the payment of the principal sum loaned with legal interest, that he has a right to insist that the attack upon his assignments shall come from those really interested in the fund in view of the fact that the relief awarded in such case will be more favorable to him.

The argument is ingenious, and it was pressed with earnestness and marked ability by the learned counsel for the appellant. The vice of it is in the assumption that the respondent Gimbernat has no such interest in the controversy as entitles him to be heard. We may lay to one side the assignment to Banes, and the claims of alleged judgment creditors. Banes was made a party to the action, and had an opportunity to assert his interest in the fund, if he had any. It is unnecessary to summon him in again. The former judgment adjudged that the alleged judgment creditors had no interest in the fund, and that part of the judgment stands unreversed. There remain only the two assignments to Clara L. Gimbernat, aggregating $7,500. But they were not absolute assignments. Undoubtedly, if they were, they would operate pro tanto to pass legal title to the fund. [1] But they were made as security for a debt, and an assignment of a chose in action, or of an interest therein, as security for the payment of a debt is a

128 N.Y.S.—48

mere pledge. The assignor still retains an interest which he can assert in a suit. Lang v. Eagle Fire Co., 12 App. Div. 39, 42 N. Y. Supp. 539; Simson v. Satterlee, 64 N. Y. 657; Peck v. Yorks, 75 N. Y. 421. [2] Even if it be granted, as the appellant assumes, that the defendant Clara L. Gimbernat has the legal title to $7,500 of the fund, still the respondent would have an equitable interest which would entitle him to be heard. If as between him and the appellant the latter's assignments are void, he has a right to insist that the fund shall be applied to the payment of his debt to the defendant, Clara L. Gimbernat, and that he have what remains. The appellant is therefore not interested in the distribution of the fund among the other defendants.

[3] While the appellant has no interest in the question, his appeal calls our attention to the fact that the judgment directs the payment of money out of court in disregard of the provisions of the prior judgment, which stand unreversed. We have held that the defendant Jules Gimbernat had a right to appeal from the former judgment for the purpose, if for no other, of insisting that the fund be applied in payment of his debt to the defendant Clara L. Gimbernat. As between him and her, the former judgment established the validity of her assignments, and he did not appeal from that part of the judgment. She might rest, as she did, upon that adjudication, and leave it to him to contest the validity of the prior assignments to Bell. When those assignments were adjudged void, she became entitled to $7,500 of the fund perforce of the former judgment. Thus the case is plainly distinguishable from St. John v. Andrews Institute, supra. If this judgment stands unmodified, there will be two inconsistent judgments in the same action, one adjudging that Clara L. Gimbernat holds valid assignments of $7,500 of the fund in court, the other directing the payment of all but $1,000 of the fund to Jules Gimbernat. Shall the court knowingly direct the payment of money in its custody to a person not entitled to it merely because the person adjudged to be entitled to it has not remained in the action to see that that adjudication is respected? We think that this court has inherent jurisdiction on its own motion, the case being now in this court and the matter having been called to our attention, to do what the Special Term would doubtless have done in the first instance if the provisions of the former judgment had been called to its attention; i. e., to conform the present judgment to the former judgment so far as it was unreversed.

Of course, it may be that the said Clara L. Gimbernat has ceased to have any interest in the matter. But, at any rate, the court will not be in the position of directing two inconsistent judgments in the same action, and of decreeing the payment of a fund in its custody to a person not entitled to it upon the record.

The judgment should be modified so as to conform to the provisions of the former judgment not reversed, and to provide for the payment to the defendant Clara L. Gimbernat of the amount of her assignments with such interest as has been earned on the fund in the hands of the chamberlain, and to the respondent Jules Gimbernat of the balance of said sum of $11,000 with like interest; and, as thus modified, the judgment should be affirmed, with costs to the respondent.

INGRAHAM, P. J., and McLAUGHLIN and SCOTT, JJ., concur.

LAUGHLIN, J. I concur with Mr. Justice MILLER, except as to modification, which, not being involved in the appeal, I think is not authorized and should be left to an application at Special Term. See Waldo v. Schmidt, 200 N. Y. 199, 93 N. E. 477.

---

### In re MERRIHEW.

(Supreme Court, Appellate Division, Third Department. March 8, 1911.)

INTOXICATING LIQUORS (§ 147\*)—SALES—LIQUOR TAX LAW.

 Liquor Tax Law (Consol. Laws, c. 34) § 30, subd. "k" while prohibiting the soliciting, accepting, or procuring, in a town in which a liquor tax certificate is prohibited, of an order to deliver intoxicating liquors, does not prohibit the selling of liquor to a person residing in such a town, if the transaction is had outside the town.

 [Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 147.\*]

Appeal from Ulster County Court.

