10206

WHEELER v. SMITH.

(99 S. E. 757.)

1. APPEAL AND ERROR—HARMLESS ERROR—COMPLAINT.—Where case
was placed on the proper calendar, failure of plaintiff's attorney to
indorse nature of cause of action on complaint was a mere irregular-
ity, not prejudical to defendant.

2. COSTS — PAYMENT — BAR TO SUBSEQUENT ACTION. — Court properly
refused to suspend action on ground that costs of a former action
had not been paid, where the actions were not the same; the first
being for foreclosure of a mortgage, and the second being on a note.

3. BILLS AND NOTES—REAL PARTY IN INTEREST—ACTION ON NOTE.—
Where note was assigned as security for indebtedness, and assignee
redelivered note to assignor for purpose of enabling him to bring
action thereon, suit by assignor was proper, as against the objection
that he was not the real party in interest.

.Before WHALEY, County Judge, Richland, September term, 1918. Affirmed.

Action by H. F. Wheeler against W. S. Smith. Judgment for plaintiff, and defendant appeals.

*Mr. H. N. Edmunds,* for appellant, submits: *The case was not properly on the docket at the time it was called for trial, and the cause should have been stricken from the calendar and the case continued:* Code of Civil Procedure 1912, sec. 314; 46 S. C. 502. *The costs of a prior action not having been paid, all proceedings should have been suspended:* Circuit Court Rule LX; 67 S. C. 463. *The Bank of Columbia was the real party in interest, and plaintiff could not maintain the action:* Code of Civil Procedure, sec. 160; 106 S. C. —.

*Messrs. S. M. Busby* and *Blackwell & Thomas,* for respondent, submit: *The second action between the parties here was not for the same cause of action as the first, furthermore the appellant here has never taxed the costs of the former action, and the case is different from Harwin v. So. Ry., 67 S. C. 463:* 45 S. E. 1019. *Appellant made the point too late:* 12 S. C. 187; 11 S. C. 139. *The case was properly docketed:* 46 S. C. 449; 24 S. E. 332. *Plaintiff was the read party in interest:* 72 S. C. 458; 52 S. E. 197; 30 Cyc., pp. 83-84; 8 C. J. 844; 11 Wend. (N. Y.) 473; (Louisiana) Southern Rep. 269; Negotiable Instruments Act, sections 51 and 190; 85 S. C. 346; 67 S. E. 292; 93 S. E. 336.

June 23, 1919.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action on a promissory note. The jury rendered a verdict against the defendant for the sum of $500, and he appealed.

. The first question presented by the exceptions is whether the case was properly docketed, on the ground that the plain-

tiff's attorney failed to indorse upon the complaint the nature of the cause of action. The case was placed on the proper calendar. The failure to indorse the nature of the cause of action on the complaint was a mere irregularity, and in no respect prejudicial to the rights of the appellant.

The next question is whether there was error on the part of his Honor, the presiding Judge, in refusing a motion to suspend the action, on the grounds that the costs of a former action had not been paid. The actions were not the same—the first being for foreclosure of a mortgage, and the second being upon a note.

The last question is whether there was error in ruling that the plaintiff was the real party in interest. The plaintiff had assigned the note as security for his indebtedness, but the assignee had redelivered the note to him, for the purpose of enabling him to bring this action.

Judgment affirmed.