### 11256

### FAULKNER v. LANE

#### (118 S. E., 31)

BILLS AND NOTES—ASSIGNOR OF NOTE, ASSIGNED AS SECURITY, HELD REAL PARTY IN INTEREST.—Where notes were assigned as security for an indebtedness, and assignee redelivered the notes to assignor for the purpose of enabling him to bring suit thereon, suit by assignor was proper as against the objection that he was not the real party in interest.

Before N. G. EVANS, SPECIAL JUDGE. Barnwell, December, 1922. Affirmed.

Action by J. K. Faulkner doing business as Faulkner Electric Service Co. against R. V. Lane. Judgment for plaintiff and defendant appeals.

*Messrs. Harley & Blatt,* for appellant, cite: *Action must be brought in name of real party in interest:* Code Proc., 1912, Sec. 160; 109 S. C., 238; 2 Speers L., 424; 105 S. C., 525; 106 S. C., 495. *Renewal note discharges former note:* 3 McC., 522; 2 Hill, 483.

*Messrs. Brown & Bush,* for respondent, cite: *Original payee in possession is presumed to be the owner:* 99 S. E., 757.

June 13, 1923.

The opinion of the Court was delivered by Mr. Justice Marion.

Action upon three notes. The first cause of action stated in the complaint appears to have been based on a note, secured by a chattel mortgage, which note, prior to the bringing of this action, had been by plaintiff placed with and assigned to the First National Bank of Bamberg. It developed during the trial of the case on circuit that the said note, introduced in evidence by the plaintiff, bore a written endorsement of assignment and transfer to the bank for value. The plaintiff testified, in substance, that all the papers were owned by him but had been placed with the bank as collateral security to a loan, and that he had procured the paper from the bank, giving his receipt therefor "to get the papers and sue on them."

The defendant moved for a nonsuit, for the direction of a verdict, and for a new trial upon the ground that the bank was the legal owner of the note, and that the plaintiff was not the real party in interest in whose name the action must be prosecuted. Section 160, Code Civ. Proc., 1912. On appeal to this Court he assigns as error the refusal of the Circuit Judge to grant the motions indicated.

The point raised is expressly decided against the appellant's contention by the case of *Wheeler v. Smith,* 112 S. C., 22; 99 S. E., 757. It was there held that—

"Where note was assigned as security for indebtedness, and assignee redelivered note to assignor for purpose of enabling him to bring action thereon, suit by assignor was proper, as against the objection that he was not the real party in interest." (Syllabus.)

See 8 C. J. 830, § 1091, and cases cited, notes 72 and 73.

The judgment of the Circuit Court is affirmed.