CLEMENTINE KADELBURG, Appellant, *v.* HARTFORD ACCIDENT AND INDEMNITY COMPANY, Respondent.

First Department, March 23, 1928.

**Trial — verdict — court directing verdict under stipulation as though jury were present cannot set verdict aside (Civ. Prac. Act, § 549) — insurance — prompt payment of premiums waived by continued acceptance of premiums after due date — policy not having been canceled was in force though premium not then paid — pleadings — complaint is sufficient which alleges policy was in force at death of insured — sufficiency of complaint not having been raised below cannot be raised on appeal — court had no power to consider defect after trial and without motion.**

The trial court has no power to set aside a verdict directed on a trial before the court without a jury pursuant to a stipulation that the court may direct a verdict with the same force and effect as though a jury were present. (Civ. Prac. Act, § 549.)

This action is to recover on an accident indemnity insurance policy and the defense is that the policy had lapsed before the death of the insured through the failure to pay the premium. Waiver of prompt payment of the premium was established and an extension of credit was shown by the evidence. It appears that the policy was renewable each six months and that except for the first premiums, the premiums for the first three renewals were not paid until several weeks after the renewal. The policy was renewed for the last time on

July 22, 1923, and a renewal receipt sent to the broker who procured the insurance for the insured. The insured died on November 4, 1923, without paying the premium. Since the policy was not canceled for non-payment of the premium it was in force at the death of the insured.

It was error to dismiss the complaint on the ground that it should have alleged that the failure to pay the premiums promptly was waived. It was sufficient to allege merely that the policy was in force when the insured died.

Furthermore, that question was not raised at the trial and it is too late to do so on appeal.

It was error for the court to consider said defective pleading after the case was tried and without motion.

Appeal by the plaintiff from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 26th day of April, 1927; also from two orders entered on the 13th day of July, 1927, and also from a judgment entered on the 15th day of July, 1927.

*Morris P. Schaffer* of counsel [*Howard C. Lake* with him on the brief], for the appellant.

*Robert H. Charlton* of counsel [*John T. Loughran* with him on the brief], for the respondent.

McAvoy, J. Judgment was entered in this cause dismissing the complaint after a trial of the issues. The judgment of dismissal was rendered after the court had at first found for the plaintiff, at that time reserving decision on defendant's motion to set aside the finding and for a dismissal.

Apart from the question as to whether or not the court, sitting under a stipulation that it might direct a verdict as though a jury were actually present, may set aside its own finding, we believe that the judgment was erroneous on the merits. The rule is that where the court sits alone in a common-law action and makes formal findings in a decision, it has no power to set aside such decision on grounds on which it might set aside a verdict after a jury trial. (*Swenson* v. *Trowbridge,* 195 App. Div. 310.) The rule should not vary where the judgment is directed as though it were a verdict of a jury actually present. Form should not overshadow the apparent limitation of the statute of such power to an actual jury trial. (Civ. Prac. Act, § 549.)

The action is one on a policy of insurance for the amount of an accident indemnity which was issued to the husband of the plaintiff and of which she was the beneficiary. The policy provided that it was issued in consideration of a premium of seventy dollars for the sum of fifteen thousand dollars, and it contained a weekly indemnity of fifty dollars for six months from noon of July 22, 1921. It also provided that the policy might be renewed subject

to all its provisions from term to term, with the consent of the company, and by payment of the premium in advance. It was originally issued and became effective July 22, 1921, and was placed by a broker named Lowenstein. The initial premium due July 22, 1921, was paid. Under the terms of the policy, the insurance expired at noon on January 22, 1922. It was renewed for six months from noon of January 22, 1922, by payment of a second premium on April 19, 1922. Its next renewal was for six months from noon of July 22, 1922, by payment of the third premium on September 21, 1922. Thereafter it was renewed for six months more from noon of January 22, 1923, by payment of the fourth premium on April 7, 1923. The last of these renewals of insurance expired by its provisions at noon July 22, 1923, and no other premium was thereafter paid. The assured died on November 4, 1923. Prior to the expiration at noon July 22, 1923, of the last renewal date, defendant had sent to the broker Lowenstein the usual renewal receipt which provided:

" No. N. Y. 1169                         Attach to your Policy.
    " THE HARTFORD ACCIDENT AND INDEMNITY Co.,
                  " of Hartford, Conn.
            " Personal Accident Department
    " In consideration of a premium of $70 does hereby continue in force Policy No. DPL-1259 issued to Frederick E. Kadelburg from noon of July 22nd, 1923 for 6 months, subject to all the terms and provisions of said Policy.

    " Not valid unless Countersigned by a Duly Authorized Agent of the Company.

                   " N. R. MORAY
                       " *Vice-President and General Manager.*
" Countersigned
    " A. A. DUKE, *Authorized Agent.*"

The broker Lowenstein kept this receipt continuously after defendant sent it to him until he redelivered it to defendant insurance company after the death of the insured. The assured himself never had personal possession of the renewal receipt, but it cannot be doubted that he had the right of possession.

The plaintiff contends that defendant's previously waived prompt payments of the premiums constitute an extension of credit for the last renewal which kept the policy in force, and that such delivery to plaintiff's agent, the broker Lowenstein, of the renewal receipt constituted a waiver of the right to have immediate payment of the premium. The postulate is that the course of dealing with the payments of previous premiums gave rise to a proper inference that an extension of credit for the last payment

was intended, which credit kept the policy in force unless, as provided under its terms, through notice it was canceled and discharged. A premium need not be paid in advance nor tendered on the day when the renewal is to be made, provided a course of dealing has been such as to justify the inference and belief that credit is to be extended. A condition in a policy of insurance that the insurance is not to be considered as binding until actual payment of the premium may be waived by the company or its authorized agent, and this waiver may be shown by direct proof that credit was given, or such waiver of prompt payment may be inferred from circumstances. A mere non-payment of premium under such circumstances does not destroy the policy where the company does not give notice of its election to rescind the contract. A holding analogous to these views was made in *Cornell* v. *Travelers' Insurance Company* (120 App. Div. 459; affd., 192 N. Y. 587). There a delivery of a mere statement of the amount of premium due was considered as an extension of credit for the first premium. This statement was sent direct to the insured. In that instance, however, the insured happened to be an insurance broker himself, but no distinction was made between a delivery of such a statement to the assured himself and to his agent. The necessity of a similar conclusion in this cause is apparent.

The defendant's manager admitted on this trial that these receipts were sent to the broker or agent from whom the business was received. They were not sent to the insured direct. Lowenstein was undoubtedly the assured's agent. He placed the insurance for him, and was not, according to the testimony of defendant's manager, an authorized agent for the company. That the renewal insurance was accepted by the assured was shown by Lowenstein's testimony. He said that he stated to the assured: "Why don't you send me a check for these premiums?" and the assured said: "I will shortly." He died before he had done so, but meanwhile no cancellation of the renewal was made by the company. Thus the policy remained in force by its own terms.

The complaint was not properly dismissed because of faulty pleading, since it was only necessary to allege that the policy was in force, and not that time for payment of premiums had been waived. If the policy was in force because of an extension of credit, the conditions of payment were fully performed. This was held in the *Cornell Case* (*supra*), where a complaint of similar averments and tenor was sustained. In any event, no point was raised on the trial as to the sufficiency of the complaint for this proof, and it is futile to suggest it now as an assignment of error for our review.

The court, after ten weeks of consideration, brought the alleged defect of pleading out in its memorandum without motion.   This was improper, since, if alluded to at the trial, an amendment if necessary would have been imperative.

The order granting defendant's motion to dismiss the complaint and setting aside the verdict, and the judgment entered thereon, and the order canceling of record the judgment for plaintiff should be reversed, with costs, and the verdict for plaintiff for $18,080 and the judgment entered thereon reinstated.   The appeal from the order denying plaintiff's motion to amend complaint should be dismissed.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Order and judgment dismissing complaint and the order canceling judgment reversed, with costs, and the verdict for plaintiff and the judgment thereupon entered reinstated.   Appeal from order denying motion to amend complaint dismissed.