THE NATIONAL BANK OF BAY RIDGE IN THE CITY OF NEW YORK, Appellant, *v.* FREDERICK M. ALBERS, Respondent.

Second Department, March 25, 1935.

*Franklyn M. Stone* [*John J. Curtin* with him on the brief], for the appellant.

*John M. Wilson,* for the respondent.

PER CURIAM. The order vacates a directed verdict for plaintiff and grants a new trial of the action, imposing certain terms on defendant.

The defendant executed and delivered two promissory notes to one Grey. The latter negotiated the notes to plaintiff as collateral security for notes of his own that he had discounted at plaintiff's bank. Thereafter the plaintiff pledged these notes with

other securities as collateral security for a note of its own to another bank. Its note, with the collateral, by mergers of banks and assignments, came into the possession of the National City Bank. The assignment by plaintiff was in trust only, with authority to the assignee to collect the collateral and apply the proceeds on plaintiff's obligation, with the duty of reassigning all collateral in its hands when plaintiff's note was paid. That note has been paid only in part. Nothing has been paid to the holders on defendant's notes; nor have Grey's notes been paid, for which these notes in suit were given as collateral security.

The plaintiff, the original pledgee, brought suit on the Grey notes. The defense was that the plaintiff is not the real party in interest. There was no motion by either party to bring in other parties; and it appears that as to all except plaintiff the Statute of Limitations has run, so that defendant is not exposed to the danger of suits on the same notes by any other party. The plaintiff had possession of the notes and produced them on the trial, apparently with the consent of the last pledgee, National City Bank. On these facts a presumption arises that the plaintiff is the owner. (*Newcombe* v. *Fox*, 1 App. Div. 389; *Henderson* v. *Davisson*, 157 Ill. 379; 41 N. E. 560; Daniel Neg. Inst. [4th ed.] § 1230.) The plaintiff offered to surrender the notes to defendant on payment thereof and to furnish general releases from the National City Bank.

On motions — by defendant to dismiss the complaint and by plaintiff for a directed verdict — the court directed a verdict for plaintiff for the amount owing to plaintiff on the notes given it by Grey, with interest, which was a sum less than the amount due on the notes in suit.

Later, on defendant's motion to set aside the verdict, the trial justice, as earlier stated, set aside the verdict and granted a new trial. It is from that order plaintiff appeals, claiming, among other things, that the trial justice was without power to set aside a directed verdict, citing *Kadelburg* v. *Hartford Accident & Indemnity Co.* (223 App. Div. 169).

We are not concerned with the question of practice. Whether or not the trial justice had authority to grant a new trial, this court possesses that power (Civ. Prac. Act, § 584), and it would be exercised in the interest of justice. However, we find no reason to exercise such discretionary power. The action has been fully tried and there are no other parties having a present interest in the controversy. The only question remaining is whether the plaintiff, under the circumstances shown, has the right to maintain the action.

We are of opinion that the plaintiff is a holder for value of the notes in suit and has the right to sue thereon. (Neg. Inst. Law,

§§ 52, 53, 90, 96.) It retains some interest in the notes and, as has been said, produced them in court. The pledgor might sue. (See, generally, 49 C. J. 1018, and cases cited; *Mercantile Trust Co.* v. *Gimbernat,* 143 App. Div. 305; affd., 206 N. Y. 722; *Faulkner* v. *Lane,* 125 S. C. 119; 118 S. E. 31.) So, likewise, may a pledgee, if he is a *bona fide* holder for value. (*Belmont Branch Bank* v. *Hoge,* 35 N. Y. 65; *Spencer* v. *Standard C. & M. Corp.,* 237 id. 479; *Rapp* v. *Mabbett Motor Car Co., Inc.,* 201 App. Div. 283, 285; 49 C. J. 1019, and cases cited.) The defendant is protected if the real owner consents to the maintenance of the action by the holder and the notes are in plaintiff's possession; and the want of consent or the bad faith of the plaintiff is a matter of defense, with the burden on the defendant. Ordinarily the maker, if he has no defense as against the holder, has no interest in the question of ownership. (*Hay* v. *Hudson,* 31 Wyo. 150; 224 P. 840.)

Other parties may be brought in if their presence is necessary for a complete determination of the controversy; but the court may determine the controversy as between the parties before it where it can do so without prejudice to the rights of others. (Civ. Prac. Act, § 193.) Here the rights of no others may be prejudiced, for they have long ago lost whatever rights they may have had because of the running of the Statute of Limitations. The non-joinder of parties is no longer a ground for dismissal of the complaint. (Civ. Prac. Act, § 192.)

The plaintiff had sufficient interest in the notes, coupled with possession, so that it might maintain the action. It may hold the money received as trustee for some other holder or pledgee; but that is no concern of the maker, if his obligation is discharged by payment of the judgment. There was no defense.

The order should be reversed on the law, with costs, the verdict directed for the plaintiff reinstated, and judgment rendered for plaintiff thereon, with costs.

LAZANSKY, P. J., HAGARTY, DAVIS and JOHNSTON, JJ., concur; TOMPKINS, J., dissents, with the following memorandum: Plaintiff cannot maintain this action without proving that its obligation to the National City Bank, for which the notes were assigned as collateral, has been discharged. I do not understand that the notes were in plaintiff's possession at the time of the trial. It seems that they were produced at the trial by an employee of the National City Bank and handed to the plaintiff for the purpose of the trial.

Order reversed on the law, with costs, the verdict directed for the plaintiff reinstated, and judgment rendered for plaintiff thereon, with costs.