**INSTITUTO CUBANO DE ESTABILIZACION DEL AZUCAR, Libelant,**

v.

**T/V FIREBRANCH, her engines, tackle, apparel, etc., and Branch Lines Limited and Southwestern Sugar and Molasses Company, Respondents.**

United States District Court
S. D. New York.

Oct. 21, 1954.

Thacher, Proffitt, Prizer, Crawley & Wood, New York City, John C. Crawley, Sirius C. Cook, New York City, of counsel, for libelant.

Kirlin, Campbell & Keating, New York City, Edward L. Smith, New York City, of counsel, for respondent.

DAWSON, District Judge.

This is a motion for an order dismissing the libel herein as against respondent Branch Lines Limited and against T/V Firbranch, which appears to be owned by Branch Lines Limited, on the ground that prior to the commencement of the suit, this respondent-owner had proceeded to arbitration and, therefore, the claim of the libelant for arbitration had become moot and the Court has no jurisdiction of the proceeding or, in the alternative, staying the issuance of process against the T/V Firbranch or against any property of the respondent.

The libel was filed on December 3, 1953. It alleges that the respondents and the ship failed to deliver libelant's cargo in good order and condition as when received by them; and alleges that the charter party under which the goods were transported called for arbitration. The suit asked that process issue, that a citation issue against the respondent with clause of foreign attachment, and that the Court direct that the dispute be arbitrated in accordance with the provisions of the charter party, and that a decree be entered in conformity with the arbitration award. Libelant thereafter filed an amended libel increasing the amount claimed from that set forth in the original libel.

It is the position of the moving party that arbitration had commenced prior to the service of process and that, therefore, the claim of the libelant for arbitration had become moot. However, it is well settled that the filing of the libel, and not the issuance of process, marks the institution of an admiralty suit. Ore Steamship Corporation v. D/S A/S Hassel, 2 Cir., 1943, 137 F.2d 326. It is not alleged that the arbitration had started prior to the filing of the libel.

Furthermore, it is not indicated that the arbitration has been completed. In fact, libelant states that although arbitrators for both sides have been nominated, an umpire has not been chosen, nor has there been a preliminary meeting of the arbitrators. Libelant urges that the intervention of this Court may become necessary either before or after arbitration has commenced, or at the conclusion thereof, if enforcement of the award by judgment is sought by the libelant.

■ This being a case of typical admiralty jurisdiction, the arbitration provision of the charter party falls squarely within the United States Arbitration Act, 9 U.S.C. § 1 et seq. Section 8 of that Act provides that—

> "If the basis of jurisdiction be a cause of action otherwise justiciable in admiralty, then, * * * the party claiming to be aggrieved may begin his proceeding hereunder by libel and seizure of the vessel * * * and the court shall then have jurisdiction to direct the parties to proceed with the arbitration and shall retain jurisdiction to enter its decree upon the award."

■■ The fact that both parties have nominated arbitrators does not mean that one of the parties cannot insist that this arbitration be pursuant to the United States Arbitration Act so that the Court may retain jurisdiction to enter a decree upon the award. The fact that the parties had agreed to arbitrate would not deprive an aggrieved party of the traditional admiralty procedure "with its concomitant security". The Anaconda v. American Sugar Refining Co., 1944, 322 U.S. 42, 46, 64 S.Ct. 863, 866, 88 L.Ed. 1117. Thus, the existence of an arbitration clause in a contract would not deprive the promisee of the usual beneficial remedies, including right of attachment, even if the promisee had agreed that the dispute was arbitrable. Murray Oil Products Co. v. Mitsui & Co., 2 Cir., 1944, 146 F.2d 381.

■■ Furthermore, by virtue of the fact that the suit is pending, either party can secure the appointment of an umpire arbitrator under Section 5 of the United States Arbitration Act, 9 U.S.C. § 5, and may secure the attendance of witnesses at the arbitration under the provisions of Section 7 of that Act. The Act gives the Court no power to stay the issuance of process or to do anything more than "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement," 9 U.S. C. § 3.

■ This action is not moot; the Court has jurisdiction over the proceeding; and the Court has no right to stay the issuance of process against the property of the respondent.

The motion is denied. So ordered.