Arthur Wachtel, J.
This is a motion for summary judgment pursuant to rule 113 of the Buies of Civil Practice for judgment dismissing the complaint upon the ground that the plaintiff’s claim was assigned to the commissioner of welfare of the City of New York by assignment dated August 16, 1955.
This is an action for treble damages in the sum of $1,260 for alleged willful overcharge of rents and for reasonable counsel fees in the sum of $250, pursuant to subdivision 5 of section 11 of the State Besidential Bent Law (L. 1946, ch. 274, as amd. by L. 1955, ch. 685). The period of overcharge claimed was from October, 1954 to and including August, 1955.
This action was commenced by the service of the summons and complaint on January 6, 1956. Issue was joined by the service of the answer on January 10, 1956, wherein, in addition to general denial, the defendant set up as a partial affirmative defense the Statute of Limitations, and as a complete affirmative defense that plaintiff is not the owner of the alleged claim.
By the terms of the assignment, the plaintiff assigned to the commissioner of welfare of the City of New York “in consideration of the public assistance and care granted and to be granted to me and/or to my family * * * all my right, title and interest in and to any claim or cause of action which I now have or may have against Levitt, and/or landlord of premises, 1757 Bathgate Avenue, for any excessive rent or overcharge I have paid or may pay, as determined by the office of any rent or housing control agency of appropriate jurisdiction, together with all damages and fees to which I *557 am or may become entitled pursuant to any local law, the laws of the State of New York, or of the United States; and I do authorize and empower said assignee or his successor or assigns to ask for, demand, collect, receive, sue for, and take any and all action necessary for the recovery of any money, or the enforcement of any rights I have or may have pursuant to any award, order or determination of the said rent or housing control agency, or pursuant to such laws.”
In addition to said provisions, the assignment provides: ‘ ‘ Any balance remaining after a full payment and satisfaction of my debt to the assignee herein, including the costs and expenses of prosecuting any action or proceeding instituted pursuant to this assignment is to be reassigned and transferred to me or my distributees, executors, administrators or assigns.” There is a question as to whether or not the commissioner of welfare has the power to obtain the assignment which is the subject of this motion. Title 6 of article 3 (§§ 101-110) of the Social Welfare Law, which provides for the powers of the commission, fails to make any provision for the assignments of causes of action in respect of persons on home relief. Under section 104 of the Social Welfare Law such public assistance or care received by such person constitutes an implied contract, and the commissioner of welfare has the power to proceed against a home relief recipient discovered to have personal property and recover up to the value of such property such public assistance or care received by him. Upon this basis, the assignment may be deemed valid as security for the payment of a debt. The fact that the assignor is entitled “ to any balance remaining after a full payment and satisfaction of his debt to the assignee ” gives support to such construction. The assignment so construed as security for the payment of a debt or a pledge does not deprive the assignor of an interest which he can assert in a suit (Mercantile Trust Co. v. Gimbernat, 143 App. Div. 305, affd. 206 N. Y. 722; Collins v. McWilliams, 185 App. Div. 712, 716; National Bank of Bay Ridge v. Albers, 244 App. Div. 127, 128, 129).
Furthermore, the assignor has retained an interest in the proceeds of the cause of action in excess of such amount as may satisfy the debt, sufficient to entitle him to sue (cf. National Bank of Bay Ridge v. Albers, 244 App. Div. 127, 129, supra).
In any event, it is now well settled that a defect of parties is not a ground for the dismissal of a complaint (Spaulding v. First Nat. Bank, 210 App. Div. 216; New American Cas. Co. v. Mobinco Brokerage Co., 219 App. Div. 486, 487; Rispoli v. *558 Manufacturers Gas. Ins. Co., 99 N. Y. S. 2d 22; Wolff v. Brontown Realty Corp., 281 App. Div. 752). Section 192 of the Civil Practice Act provides: “ No action or special proceeding shall be defeated by the nonjoinder or misjoinder of parties except as provided in section one hundred ninety-three. New parties may be added or substituted and parties misjoined may be dropped by order of the court at any stage of the cause as justice may require.”
Subdivision 2 of section 27 of the New York City Municipal Court Code similarly provides: “ No action shall be defeated by the nonjoinder or misjoinder of parties. The names of new parties may be added and the names of parties misjoined may be struck out, by order of the court, at any stage of the cause and upon such terms as justice may require.”
The proper procedure is to raise the objection to the defect of parties in the case of nonjoinder of even an indispensable party by a motion to add such party pursuant to rule 102 of the Rules of Civil Practice. Rule 102 was amended by the laws effective September 1, 1946 as a result of the recommendations of the Judicial Council set forth in its annual report (Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 167-191) to the effect that in the case of a defect of parties the procedure should be to obtain an order pursuant to subdivision 2 of rule 102 directing the bringing in of an omitted party within a specified reasonable time and thereafter a further motion should be made to dismiss the action without prejudice if such order has not been complied with. The recommendation was adopted, and under the practice now in effect, if there be a nonjoinder, the court may order the plaintiff to serve an amended pleading and summons and stay all proceedings until the order to bring in the additional party has been complied with (Rules Civ. Prac. rule 102, subd. 2; Civ. Prac. Act, §§ 192, 193).
The salutary result effectuated by the Legislature based upon the recommendations of the Judicial Council is obvious. Claims, such as the claim at bar, can be substantially, if not entirely, outlawed by the Statute of Limitations by the process of a delayed motion for summary judgment and the relief provided by the rent control law by reason of the exaction of excessive rent will have been nullified when tenants on relief are required to execute assignments such as that which is the subject of this motion.
Accordingly, motion denied.