**TEXAS SAN JUAN OIL CORPORATION, as owner of the offshore drilling tender THE DEEPWATER, NO. 1, Libelant,**

**v.**

**AN-SON OFFSHORE DRILLING COMPANY, Respondent.**

United States District Court
S. D. New York.
May 22, 1961.

Thacher, Proffitt, Prizer, Crawley & Wood, New York City, for libelant. Edward C. Kalaidjian and Dwight B. Demeritt, Jr., New York City, of counsel.

Burlingham, Hupper & Kennedy, New York City, and Deutsch, Kerrigan &

Stiles, New Orleans, for respondent. Eugene Underwood, New York City, Malcolm W. Monroe, New Orleans, of counsel.

METZNER, District Judge.

Libelant, owner of the offshore drilling tender Deepwater No. 1, entered into a bareboat charter party for use of the tender by the respondent. A libel was filed pursuant to the arbitration provision of the charter party and Section 8 of the Arbitration Act, for arbitration of certain disputes arising out of the charter party. Writs of foreign attachment were issued and a deposit which respondent had in the Chase Manhattan Bank was attached. Respondent has appeared specially and filed the present exception to the libel on two grounds: (a) that the libelant is not the "real party in interest", and (b) that the libelant is not "aggrieved" within the meaning of Section 8 of the Arbitration Act.

Although there are no special admiralty rules dealing with a libelant's capacity to sue, the "real party in interest" requirement has been applied in admiralty actions. Ancich v. The Marsha Ann, D.C.S.D.Cal.1950, 92 F.Supp. 929, 933, reversed in part, affirmed in part, Borich v. Ancich, 191 F.2d 392, certiorari denied Ancich v. Borcich, 342 U.S. 905, 72 S.Ct. 293, 96 L.Ed. 677. Cf. 2 Benedict on Admiralty pp. 43 and 82 (6th Ed. 1940). The "real party in interest" is defined as "the party who, by the substantive law, has the right sought to be enforced." United States for Use of Allen Construction Corp. v. Verrier, D.C.N.D. Me.1959, 179 F.Supp. 336, 340. Cf. 3 Moore's Federal Practice § 17.07 (2d Ed. 1948).

Respondent contends that the libelant has assigned all of its rights and claims under the instrument in question to the Chemical Corn Exchange Bank. It points to the language in the charter party, namely clause 24,[1] to indicate the complete assignment. Libelant points to the language of clauses 13(a), 14(d) and 14(e) to indicate that the assignment is merely to secure the payment of a debt owed to Chemical by libelant. The actual assignment is not before the court. The interpretation of the assignment is one of law to be made by the court. This cannot be done by the references to the various descriptions in the charter party.

Under the New York substantive law of assignments,[2] respondent is correct in asserting that the "real party in interest" under a complete assignment would be the assignee. Massi v. Alben Builders, Inc., 1946, 270 App.Div. 482, 60 N.Y.S.2d 494, 497, affirmed 296 N.Y. 767, 70 N.E.2d 746. However, under an assignment as collateral or as security for the payment of a debt, the assignor retains sufficient interest in the property or chose in action to be "a real party in interest." Mercantile Trust Co. v. Gimbernat, 143 App.Div. 305, 128 N.Y.S. 751, affirmed 206 N.Y. 722, 100 N.E. 1130; Marrero v. Levitt, 3 Misc.2d 555, 152 N. Y.S.2d 802; Frensdorf v. Stumpf, Sup., 30 N.Y.S.2d 211, 217. In addition, if the assignment is only partial, the assignor would obviously retain sufficient interest to be "a real party in interest." Blake v. Weiden, 1943, 291 N.Y. 134, 51 N.E.2d 677, 149 A.L.R. 1050. Therefore, the determination desired by the parties cannot be made on these papers. However, to protect the respondent from a possible multiple claim on the charter party (and to avoid piecemeal litigation in case of a partial assignment), the court orders the assignee Chemical to be brought in as a party to the litigation.

---

1. "As the Owner has assigned all of its rights and claims hereunder * * * all monies for which the Charterer may be liable under any and all Clauses and provisions of this Bareboat Charter Party shall be paid by it directly to the Assignee-Mortgagee. * * *"

2. The court is assuming that New York law applies to determine the rights of the parties under the assignment. It is entirely possible that due to the facts of the assignment (unknown to the court at present since it is not before the court), it may be governed by some other state's substantive law.

Cf. 3 Moore's Federal Practice § 17.09, pp. 1343–1345 (2d Ed. 1948).

 Section 8 of the Arbitration Act, 9 U.S.C. § 8, reads as follows:

*"Proceedings begun by libel in admiralty and seizure of vessel or property*

"If the basis of jurisdiction be a cause of action otherwise justiciable in admiralty, then, notwithstanding anything herein to the contrary, the party claiming to be aggrieved may begin his proceeding hereunder by libel and seizure of the vessel or other property of the other party according to the usual course of admiralty proceedings, and the court shall then have jurisdiction to direct the parties to proceed with the arbitration and shall retain jurisdiction to enter its decree upon the award. July 30, 1947, c. 392, § 1, 61 Stat. 669."

Respondent contends that "aggrieved" as used in this section of the Act must be defined in the same way as "aggrieved" is expressly defined in Section 4 of the Act (i. e., aggrieved by the failure, neglect, or refusal of another to arbitrate). Since the libel contains no allegation that libelant has demanded arbitration or that respondent has failed or refused to arbitrate, respondent questions its right to qualify under this section.

 The purpose of Section 8 is to make available to a party, who had agreed to arbitrate in a maritime controversy, "the traditional admiralty procedure with its concomitant security" and at the same time to save his right to arbitration. The Anaconda v. American Sugar Co., 1944, 322 U.S. 42, 46, 64 S.Ct. 863, 866, 88 L.Ed. 1117. See also The Belize, D.C.S.D.N.Y.1938, 25 F. Supp. 663, 665; Murray Oil Products Co. v. Mitsui & Co., 2 Cir., 1944, 146 F. 2d 381, 384.

In essence, "to achieve this end the arbitration is made a phase of the suit in admiralty." The Sydfold, D.C.S.D.N.Y. 1938, 25 F.Supp. 662, 663. In light of this purpose the construction argued by the respondent would seem erroneous. It would force a party to choose between arbitration, on the one hand, and his ancient admiralty right of jurisdiction in rem or by foreign attachment, on the other (except for the singular instance where the opposing party failed, neglected or refused to go to arbitration). The courts have rejected this conclusion. The Belize, supra; Instituto Cubano De Estabilizacion Del Azucar v. T/V Firbranch, D.C.S.D.N.Y.1954, 130 F.Supp. 170, 172. In Instituto Cubano De Estabilizacion, supra, the court allowed libelant to qualify under Section 8 of the Arbitration Act even though it was clear that there had been no default or refusal to arbitrate and the arbitration was proceeding.

Motion denied. So ordered.