**TENNESSEE STEEL & SUPPLY CO.**

v.

**SS PADMA.**

**No. 66 Civ. 3768.**

United States District Court
S. D. New York.

Nov. 8, 1967.

Yorkston W. Grist, New York City, for plaintiff; Michael G. Dowd, New York City, of counsel.

Foley, Grainger & Darby, New York City, for defendant National Shipping

Corp.; John J. Foley, William F. Norton, Jr., New York City, of counsel.

·EDWARD WEINFELD, District Judge.

Upon the record it does not appear that the defendant National Shipping Corporation, a Pakistani corporation, is engaged within this district in such activities, either directly or through an authorized agent, as to subject it to this court's jurisdiction. The statements by the asserted general agent, mainly self-serving, relied upon to establish that defendant can be found within this district are challenged by plaintiff and in no wise rebutted by defendant. Thus, the plaintiff's charge that the five vessels alleged by defendant to have been berthed within this district for loading and unloading were in fact berthed, loaded and discharged at Port Newark within the district of New Jersey is not answered by either the defendant or the defendant's agent.

The statement by the general agent that it represents the defendant "in the United States," collects moneys for its account and receives cargo and personal injury claims arising out of the operation of its vessels, but without specification of any such activities within this district, does not establish that defendant carried on necessary activities here and to such a degree that the defendant was present or could be found here in jurisdictional terms. It is significant that, with respect to the allegation by the agent that defendant's activities within this district are sufficient for jurisdictional purposes, no affidavit is submitted by any officer or principal of defendant, nor any explanation offered for failure to submit proof on this issue. The defendant having failed to satisfy the first element of the two-pronged inquiry, it is unnecessary to resolve whether it can be found, either directly or through an agent, within the district for service of process. Accordingly, the defendant's motion to vacate the attachment is denied. See Chilean Line, Inc. v. United States, 344 F.2d 757 (2d Cir. 1965); Seawind Compania, S.A. v. Crescent Line, Inc., 320 F.2d 580 (2d Cir. 1963); United States v. Cia. Naviera Continental S.A., 178 F.Supp. 561 (S.D.N.Y. 1959).