**REEFER EXPRESS LINES PTY., LTD., Plaintiff,**

v.

**PETMOVAR, S. A., Defendant.**

No. 76 Civ. 1223.

United States District Court, S. D. New York.

May 13, 1976.

Healy & Baillie, New York City, for plaintiff; Jack A. Greenbaum, New York City, of counsel.

Cichanowicz & Callan, New York City, for defendant; Michael L. Corbett, New York City, of counsel.

### MEMORANDUM

BONSAL, District Judge.

Defendant in this admiralty action, a Panamanian corporation, moves for an order dismissing the complaint and vacating the maritime attachment dated March 12, 1976 attaching approximately $40,000 at the Marine Midland Bank held for defendant in an agency account in the name of All Seas Shipping Agency, Inc. ("All Seas").

On November 13, 1974, plaintiff, as owner of the M.V. OVERSEAS FRUIT, entered into a charter party contract in New York with defendant, the charterer, for transport of fertilizer from Colombia to Venezuela. All Seas, doing business according to its letterhead as "Ship Agents and Brokers" in New York, negotiated and signed the charter on behalf of defendant "As Agents only—by authority." Plaintiff alleges that it paid All Seas' commission pursuant to paragraph 15 of the charter. The voyage was completed on December 5, 1974. On January 9, 1975, plaintiff invoiced defendant, c/o All Seas, for demurrage of $36,446.85 incurred in Colombia and Venezuela. It appears that during the following year the parties sought unsuccessfully to resolve the dispute.

By letter addressed to All Seas dated December 31, 1975, plaintiff demanded arbitration pursuant to paragraph 22 of the parties' charter.* Three arbitrators were selected in accordance with the charter provisions. A hearing was held before the arbitrators on March 10, 1976. No decision has been rendered yet. Following said hearing, this action was commenced on March 12, 1976.

Defendant moves to dismiss this action on the ground that plaintiff has "chosen the forum of arbitration to resolve this dispute," and moves to vacate the maritime attachment dated March 12, 1976 on the ground that defendant is "jurisdictionally present" in this district.

Section 8 of the Arbitration Act, 9 U.S.C. § 8, provides:

"If the basis of jurisdiction be a cause of action otherwise justiciable in admiralty, then, notwithstanding anything herein to the contrary, the party claiming to be aggrieved may begin his proceeding hereunder by libel and seizure of the vessel or other property of the other party according to the usual course of admiralty proceedings, and the court shall then have jurisdiction to direct the parties to proceed with the arbitration and shall retain jurisdiction to enter its decree upon the award."

The Supreme Court has held that an agreement to arbitrate does not oust the federal court of jurisdiction and "although the parties had agreed to arbitrate, the traditional admiralty procedure with its concomitant security should be available to the aggrieved party . . . ." *The Anaconda v. American Sugar Refining Co.,* 322 U.S. 42, 46, 64 S.Ct. 863, 866, 88 L.Ed. 1117 (1944); see *Texas San Juan Oil Corp. v. An-Son Offshore Drilling Co.,* 194 F.Supp. 396, 398 (S.D.N.Y.1961); *Instituto Cubano de Estabilizacion del Azucar v. T/V Firbranch,* 130

---

* The charter provides:
  "That should any dispute arise between Owners and the Charterers, the matter in dispute shall be referred to three persons at New York, one to be appointed by each of the parties hereto, and the third by the two so chosen; their decision or that of any two of them, shall be final, and, for the purposes of enforcing any award, this agreement may be made a rule of the Court. The Arbitrators shall be commercial men."

F.Supp. 170 (S.D.N.Y.1954). The "arbitration is made a phase of the suit in admiralty," *The Sydfold,* 25 F.Supp. 662, 663 (S.D.N.Y.1938), and it appears immaterial whether arbitration has been initiated prior to the time of commencement of the court action. *Cf. Texas San Juan Oil Corp. v. An-Son Offshore Drilling Co., supra.* Accordingly, plaintiff has not waived its right to pursue these judicial remedies and defendant's motion to dismiss is denied.

■ The validity of the maritime attachment is governed by Supplemental Rule B(1) of the Federal Rules of Civil Procedure, which provides:

> "With respect to any admiralty or maritime claim in personam a verified complaint may contain a prayer for process to attach the defendant's goods and chattels, or credits and effects in the hands of garnishees named in the complaint to the amount sued for, *if the defendant shall not .be found within the district. . ."* (Emphasis added.)

Where, as here, defendant is a foreign corporation, two inquiries must be made to determine whether the defendant can "be found within the district", thus precluding an attachment under this rule:

> (1) Does defendant do sufficient business within the district to subject it to the Court's jurisdiction?
> (2) Can defendant be served with process in the district?

*Seawind Compania, S.A. v. Crescent Line, Inc.,* 320 F.2d 580, 582–83 (2d Cir. 1963); 7A *Moore's Fed.Prac.* ¶ B.06 at B–251–52. There are no allegations that defendant, a Panamanian corporation, has done business in this district. Plaintiff contends that defendant, by letter date November 29, 1973, appointed All Seas as its "general agent" in New York and that All Seas signed the charter in issue as well as other charters on behalf of defendant pursuant to this appointment. However, the record submitted raises questions as to the scope of All Seas' authority and discretion to act for defendant, as to the acts All Seas performed for defendant, and whether All Seas was agent for defendant at the time of commence-

ment of this action. The acts of an independent chartering broker on behalf of a foreign defendant do not constitute sufficient basis to find that defendant does business in this district or has appointed the broker as agent to accept service of process, *see Klishewich v. Mediterranean Agencies, Inc.,* 42 F.R.D. 624, 627 (E.D.N.Y.1966); *Moore's, supra* at B–258 *et seq. Cf. Italia Assicurazioni S.P.A. v. S/S St. Olga,* 1974 A.M.C. 2209, 2210–11 (S.D.N.Y.1974). Defendant's relationship with All Seas is unclear on this record, and defendant has not shown that it can be "found in [this] district". *See Tennessee Steel & Supply Co. v. SS Padma,* 300 F.Supp. 678 (S.D.N.Y.1967). *Compare Seawind Compania, S.A. v. Crescent Line, Inc., supra; Antco Shipping Co. v. Yukon Compania Naviera, S.A.,* 318 F.Supp. 626 (S.D.N.Y.1970). Accordingly, defendant's motion to vacate the maritime attachment is denied without prejudice to renewal pending discovery and a showing that the requirements of Supplemental Rule B(1) are not met.

It is so ordered.