CHARLES ROGOFF, Respondent, v. NEAL VANDERBILT SONS CORPORATION and VANBRO CONSTRUCTION CORPORATION, Appellants.— In an action in ejectment judgment was awarded to plaintiff. Judgment reversed on the law and the facts, with costs, and complaint dismissed on the law, with costs. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Defendant Neal Vanderbilt Sons Corporation is the record owner and defendant Vanbro Construction Corporation was the lessee in possession of the disputed parcel at the time of the commencement of the action. Plaintiff is, and for ten years has been, the owner of the adjoining premises and claims title to the disputed parcel by virtue of a claimed uninterrupted adverse possession for more than fifteen years by himself and his predecessors in title. It is conceded that plaintiff's deed and the deed of his predecessors do not cover the area in question and he does not assert adverse possession under a claim founded upon a written instrument. There is no evidence of an intent on the part of the plaintiff's predecessors in title to transfer possession to plaintiff of the disputed area and, therefore, there is no privity in contract between plaintiff and his predecessors in title and their possession cannot be tacked on to his to make up the necessary fifteen years. *Belotti* v. *Bickhardt* (228 N. Y. 296), relied upon by plaintiff, is readily distinguished. In that case there was evidence of an intent to convey more than the land which the deed specifically described. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur. Settle order on notice.

STANLEY F. ROSSWIG, Appellant, v. UNITED STATES LIFE INSURANCE COMPANY and LOUIS NEIKRUG, Respondents.— The action is to recover damages alleged to have been occasioned by the wrongful acts of defendants in conspiring to defraud plaintiff of commissions claimed to have been earned in connection with a policy of group insurance issued by defendant company. Order granting defendants' motion to dismiss the amended complaint upon the ground that it does not state facts sufficient to constitute a cause of action affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

MABEL RUSSO, Appellant, v. EMILIO RUSSO, Respondent.— In an action for specific performance of one of the provisions of a separation agreement, which provides that the wife may apply to the court for an increase in the amount provided for support, order dismissing the complaint upon defendant's motion under rule 106 of the Rules of Civil Practice affirmed, without costs, on the authority of *Stoddard* v. *Stoddard* (227 N. Y. 13) and *Johnson* v. *Johnson* (206 id. 561). Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

## (December 22, 1941.)

TESS BAGATELL, Appellant, v. SEYMOUR BAGATELL, Respondent.— Motion to resettle order denied, without costs. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

ROCCO FATA, Respondent, v. S. A. HEALY COMPANY, Appellant.— Motion for reargument denied, without costs. Motion for leave to appeal to the Court of appeals granted. [See *ante*, p. 725.] The following question is certified: Does the complaint herein state facts sufficient to constitute a cause of action? Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.