GREAT AMERICAN INDEMNITY COMPANY, Appellant, *v.* LAPP INSULATOR COMPANY, INC., Respondent and Third-Party Plaintiff-Appellant. SEYLER MANUFACTURING COMPANY, Third-Party Defendant-Respondent.

UTAH HOME FIRE INSURANCE COMPANY, Appellant, *v.* LAPP INSULATOR COMPANY, INC., Respondent and Third-Party Plaintiff-Appellant. SEYLER MANUFACTURING COMPANY, Third-Party Defendant-Respondent.

Fourth Department, October 28, 1953.

· *Charles J. O'Brien* and *Donald F. Potter* for appellants.

*William H. Morris* for respondent and third-party plaintiff-appellant.

*Stephen V. Lines* for third-party defendant-respondent.

*Per Curiam*: The complaint and the third-party complaint each set up two causes of action, one in negligence and the other in breach of warranty. The answer of the defendant to the complaint and the answer of the third-party defendant to the third-party complaint each allege the Statute of Limitations as a defense. The last sale of materials was prior to August 1, 1947; the collapse of the radio tower occurred on the night of December 3, 1947; the action was commenced December 1, 1950.

The Special Term has dismissed both complaints holding that the three-year Statute of Limitations applies to both causes of action and that the causes of action accrued at the time of the sale. As to the cause of action in negligence, we agree that the three-year statute applies but we do not agree that the cause of action accrued at the time of the sale. Until the tower fell there was no invasion of property rights. "The injury occurs when there is a wrongful invasion of personal or property rights and the cause of action accrues." (*Schmidt* v. *Merchants Desp. Transp. Co.*, 270 N. Y. 287, 300.)

In *Gile* v. *Sears, Roebuck & Co.* (281 App. Div. 95, 96–97) the work was completed in June, 1948, the accident occurred December 12, 1949, and the action was commenced August 6, 1951, more than three years after the work had been completed. The court said: "The plaintiff's first cause of action, for personal injuries resulting from negligence, was governed by the three-year Statute of Limitations (Civ. Prac. Act, § 49, subd. 6), but the cause of action did not accrue until the personal injuries were sustained on December 12, 1949. The tort was not committed as to plaintiff's interest in her bodily security until she fell and was injured."

As to the causes of action for breach of warranty we hold that the six-year Statute of Limitations applies, and, if so, it is immaterial whether that cause of action accrued on the date of sale or the time when the tower fell. The Special Term in applying the three-year statute, relied upon *Buyers* v. *Buffalo Paint & Specialties* (199 Misc. 764). We think that case was overruled by the Court of Appeals in *Blessington* v. *McCrory Stores Corp.* (305 N. Y. 140), and we are bound by that decision.

The orders and judgments dismissing the complaint and the third-party complaint should be reversed and the appeals from the orders permitting the defendant and the third-party defendant to amend their answers dismissed as academic.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

Judgment and order entered March 24, 1953, and judgment and order entered March 31, 1953, reversed on the law, with costs to abide the event, and motions denied. Appeals from orders entered January 21, 1953, and January 23, 1953, dismissed without costs as academic.