Elbert T. Gallagher, J.
Plaintiffs and defendant are the owners of adjoining parcels of land in Lincolndale, Town of Somers. Both parcels were originally part of a larger estate. When the land now owned by the defendant was broken off and conveyed the description contained in the deed set forth the. distances of the various property lines but did not contain definite bearings. The subsequent deed from the common grantors to plaintiffs’ predecessor in title described the land therein convey as running along the land now owned by the defendant. This action involves a dispute over the boundary line and declaratory relief is sought with regard thereto.
The complaint also seeks judgment directing the defendant to remove certain fences which are alleged to encroach on plaintiffs’ land and to restrain their continued maintenance. A further cause of action seeks a mandatory injunction directing the defendant to restore to its original course a brook claimed to have been diverted from the land of the plaintiffs to that of the defendant, together with damages.
The claim of the plaintiffs with regard to the boundary line is based principally upon two surveys, one made in 1943 and the other in 1957, and the testimony of the two surveyors. The defendant relies upon adverse possession and a claimed lack of certainty in the surveys.
The defense of adverse possession is predicated upon the existence of a certain fence. Assuming that the fence may be *58 regarded as a “ substantial inclosure” (Civ. Prac. Act, § 40), nevertheless, in view of the testimony of the surveyors, it is doubtful whether the fence has existed in its present location for the statutory period of 15 years. Furthermore, since defendant did not acquire title until 1955 his claim depends upon ‘ ‘ tacking ’ ’ which is not permissible in this case for the following reasons: (1) It has not been established that defendant’s predecessors in title ever 'asserted an adverse claim to the disputed area; (2) There is no evidence of an intent on the part of defendant’s predecessors to transfer any possession which they may have had. (Rogoff v. Vanderbilt Sons Corp., 263 App. Div. 841, affd. 290 N. Y. 666; Meerhoff v. Rouse, 4 A D 2d 740.)
The surveys are based upon a monumental stone wall and masonry wall as well as upon the deed description in defendant’s chain of title. They are entitled to great weight. (Inter-County Farmers Co-op. Assn., v. Lekowitz, 267 App. Div. 1009.) The court accepts the boundary lines as determined by the surveyors and claimed by the plaintiffs. Declaratory judgment will be granted accordingly.
Having determined the division line between the properties, it follows from the evidence that the fence as presently located is largely upon the land of the plaintiffs. The court finds however, that the fence was not erected or relocated by the defendant or by anyone acting in his behalf. Furthermore, the deed through which defendant acquired title to his property makes no mention of the fence and does not purport to convey either the fence or the land upon which it is located. The defendant, therefore, has neither rights nor liabilities with regard to the fence and is not subject to injunction or damages. Conversely, should the plaintiff elect to remove the fence or erect it along the boundary line as herein determined, no cause of action would accrue in favor of the defendant.
When originally surveyed in 1943 Plum Brook ran through plaintiffs’ land and did not extend into the land of defendant at any point. The survey made in 1957, however, shows that the course of the brook has changed so that it now runs for a short distance through the property of the defendant. It is not clear from the evidence whether the change is due to natural or artificial causes. The court does find, however, that the change in course is not due to any activity on the part of the defendant or his agents and, therefore, an injunction will be denied. Damages will not be awarded for the same reason and for the additional reason that there is no evidence by which the court could determine the amount of damage, if any.
This opinion shall constitute the decision of the court. Settle judgment on notice.