■ ERICH KLEIN, Respondent-Appellant, v. PARKE-BERNET GALLERIES, INC., Appellant-Respondent.— Order, entered on June 18, 1963, granting plaintiff's motion to strike the defense of the three-year Statute of Limitations as to the first cause of action, denying the motion insofar as the second, third, and fourth causes of action are concerned, and denying defendant's cross motion for summary judgment, unanimously affirmed, without costs to either party. As a general rule limitations are incidental to the remedy pursued, and the fact that a plaintiff may avail himself of a remedy with a shorter statute does not bar his pursuit of a remedy to which a longer statute is appropriate (1 Wood, Limitations [4th ed.], § 57b; 35 N. Y. Jur., Limitations, § 10; 53 C. J. S., Limitations of Actions, §§ 7, 33, 45). In the case of certain personal injury, malpractice, property damage, and perhaps some other causes of action an exception has evolved. It requires that the shorter statute, applicable to causes of action based on physical injury to person or property, be applied, even though plaintiff pleads and proves that the duty breached arose in contract to which the larger statute, pertinent to actions arising from breach of contract, would otherwise be applicable under the general rule first stated (see, e.g., *Carr* v. *Lipshie*, 8 A D 2d 330, affd. 9 N Y 2d 983; *Atlas Assur. Co.* v. *Barry Tire & Serv. Co.*, 3 A D 2d 787; *Federal Ins. Co.* v. *United Port Serv. Co.*, 23 Misc 2d 142 [STEUER, J.], affd. 12 A D 2d 905; for an illuminating analysis in depth, see *Buyers* v. *Buffalo Paint & Specialties*, 199 Misc. 764 [HALPERN, J.]; contra, *Great Amer. Ind. Co.* v. *Lapp Insulator Co.*, 282 App. Div. 545, mot. for lv. to app. dsmd. 306 N. Y. 851). In the cases which have so decided, the pleadings have directly involved allegations of conduct which is also tortious (short statute applicable) and physical impairment to person or property by way of direct or consequential damage. Actions based on professional malpractice may constitute a special extension of the exception, in the absence of physical injuries to person or property (e.g., *Carr* v. *Lipshie, supra*; *Glens Falls Ins. Co.* v. *Reynolds*, 3 A D 2d 686). In this case, the pleading does not depend upon such direct allegations or exceptions. Instead, the refusal, on demand, of defendant to return the certificate of authenticity pursuant to the contract of bailment is, in each instance, alleged to·be responsible for a consequential

injury to the intangible economic value of the related painting. The gravamen does not depend on the loss or impairment of the property but the refusal to deliver. Indeed the cause of action accrues only on the demand and is not dependent upon what happened to the certificates or when (Anno: Limitations — Bailed Property, 57 ALR 2d 1044, esp. § 10). Of course, no professional malpractice is involved. The exception to the rule should not be extended to apply the tort short Statute of Limitations (Civ. Prac. Act, § 49, subds. 6, 7; cf. CPLR 214, subd. 4) covering injury to property to this commercial consequence of defendant's alleged breach of the contract of bailment. The affirmative defense, perhaps, should be permitted to stand, in the event the case should ever turn on the recovery of direct damages for the tortious physical impairment or physical loss of the certificates of authenticity (cf. *Glens Falls Ins. Co.* v. *Reynolds, supra*). Concur — Breitel, J. P., Valente, Eager, Steuer and Staley, JJ.