■ PINE HILL CONCRETE MIX CORP., Appellant, v. ALTO CORPORATION,
Respondent.— Order unanimously reversed, with costs, defendant's motion
to dismiss the complaint denied, without costs, and plaintiff's motion for
summary judgment awarding plaintiff possession of the chattel granted, with

costs. Memorandum: Plaintiff appeals from an order of Erie Special Term which granted defendant's motion to dismiss plaintiff's complaint in an action to recover possession of a chattel on the ground that the action was barred by the Statute of Limitations. The action was commenced prior to the effective date of CPLR, and the limiting provisions of the Civil Practice Act apply. The pertinent sections thereof are subdivision 4 of section 48 which provides that an action to recover a chattel must be commenced within six years after accrual, and subdivision 2 of section 15 which provides that where there is a delivery of personal property not to be returned at a fixed time or upon a fixed contingency the time within which the action must be commenced must be computed from the demand. In 1955, Lawrence Paolini purchased the chattel, a cement mixing plant from Dow and Company and placed it on his property at 3031 Seneca Street. On May 3, 1956 he sold the premises to Henry Ernst who told him that the chattel could remain on the premises since it did not bother anyone. On December 28, 1956 Paolini sold it to plaintiff for $20,000. At the time of the sale he told plaintiff's president that Ernst had said that the chattel could remain on the premises. In the Spring of 1959 some of plaintiff's employees went to 3031 Seneca Street to remove it. Mr. Ernst did not dispute plaintiff's ownership but demanded $500 for storing it on his property. When Paolini sold the land on Seneca Street to Ernst and left behind the mixer plant, retaining title thereto, a bailment relationship was established (*Binney & Smith* v. *41 East 42d St. Realty Co.*, 147 N. Y. S. 2d 243). When plaintiff purchased Paolini's title to the plant it succeeded to all of his rights as bailor (8 Am. Jur. 2d, Bailment, § 84). The rule is that in instances of bailment for an indefinite time the bailee is not in default until his refusal to return the property, and that the Statute of Limitations does not start to run until there has been such refusal. (*Ganley* v. *Troy City Nat. Bank*, 98 N. Y. 487 [1885]; *Williams* v. *Flagg Stor. Warehouse Co.*, 128 Misc. 566, affd. 221 App. Div. 788; *Stephens* v. *Crawford*, 209 App. Div. 142, affd. 239 N. Y. 535.) The action did not accrue until after plaintiff had demanded its property in 1959. The action was commenced within six years thereafter and is not barred by the Statute of Limitations. The date of appellant's demand being within the limitation period of the statute, it is not necessary to determine the further question of whether there is a sufficient showing of an unbroken chain of privity to permit possession by Ernst to be tacked to respondent's possession to make up the limitation period. (See *Belotti* v. *Bickhardt*, 228 N. Y. 296; *Lewis* v. *Idones*, 280 App. Div. 980, 981; *Staples* v. *Schnackenberg*, 148 App. Div. 161, 162, 163; *Rogoff* v. *Vanderbilt Sons' Corp.*, 263 App. Div. 841, affd. 290 N. Y. 666; 3 Am. Jur. 2d, Adverse Possession, p. 154.) The court erred in denying plaintiff's motion for summary judgment. Its title and right to possession of the chattel were clearly established and defendant failed to show facts sufficient to require a trial of any issue of fact. (Appeal from order of Erie Special Term granting defendant's motion to dismiss the complaint and denying plaintiff's cross motion for summary judgment.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.