In the Matter of PHILIP J. PRZESTRZELSKI, Respondent, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— Memorandum: The affidavits present factual issues which require a hearing at Special Term. (Appeal from order of Onondaga Special Term denying motion to stay arbitration.) Present — Williams, P. J., Bastow, Henry and Marsh, JJ.

MORRIS KONAR, Appellant, v. MONRO MUFFLER SHOPS OF ROCHESTER, INC., Respondent Memorandum: The complaint contains two causes of action, one in negligence and the other for breach of implied warranty. It is alleged that defendant on March 12, 1963 made certain repairs to plaintiff's automobile and on April 5, 1963 the brakes on the vehicle failed, resulting in injury to third persons. Special Term erroneously held that the first cause of action accrued on the earlier date. "There can be no doubt that a cause of action accrued only when the forces wrongfully put in motion produce injury." (Schmidt v. Merchants Desp. Transp. Co., 270 N. Y. 287, 300; see, also, Durant v. Grange Silo Co., 12 A D 2d 694; Great Amer. Ind. Co. v. Lapp Insulator Co., 282 App. Div. 545.) In 1963 the six-year limitation on contract actions (Civ. Prac. Act, § 48, subd. 1) and not the three-year limit on personal injuries resulting from negligence (Civ. Prac. Act, § 49, subd. 6) was applicable to a claim for personal injuries arising from a breach of implied warranty. (Blessington v. McCrory Stores Corp., 305 N. Y. 140.) The limitation period of actions based on such a warranty as to transactions entered into and events occurring on and after September 27, 1964 is now governed by separate statutory provision. (Uniform Commercial Code, §§ 2-725; 10-101; 10-105.) (Appeal from judgment and order of Monroe Special Term granting motion to dismiss complaint in a negligence action.) Present—Williams, P. J., Bastow, Henry and Marsh, JJ.

O'SHEA SUPPLY CO., INC., Appellant, v. NORTHERN BUILDERS, INC., Respondent Memorandum: The plaintiff is entitled to judgment as demanded in its complaint. There are no material issues of fact. It is clear that plaintiff is entitled to be paid immediately without regard to litigation participated in by the defendant Northern Builders, Inc. with others. (Appeal from order of Oneida Special Term denying motion for summary judgment.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.