534 F.2d 194
 Sam KAGEL and John Kagel, as Trustee of the Estate of San
Francisco & Oakland Helicopter Airlines, Inc.,
Debtor Corporation in proceedings under
Chapter X of the Bankruptcy
Act, Appellees,
v.
FIRST COMMONWEALTH COMPANY, INC., a corporation, et al., Appellants.
 Nos. 74-2645 and 74-2811.
 United States Court of Appeals,
Ninth Circuit.
 April 5, 1976.
 
 Frederick S. Fields (argued), Bronson, Bronson, & McKinnon, San Francisco, Cal., for appellant in 74-2645.
 James E. Reed (argued), San Francisco, Cal., for appellees.
 Sam L. McCormac (argued), Davis & Lohr-Schmidt, Newport Beach., Cal., for appellant in 74-2811.OPINION
 Before BROWNING and ELY, Circuit Judges, and BATTIN,* District Judge.
 PER CURIAM:
 
 
 1
 We generally adopt the reasoning of the District Court in its "Findings of Fact and Conclusions of Law," reported at 409 F.Supp. 1396 (N.D.Cal.1976).
 
 
 2
 We think we should take note of two issues raised by the appellants here and not discussed in the District Court's disposition. Neither has merit.
 
 
 3
 The first is that appellants were erroneously denied the right to present an affirmative setoff and counterclaim under § 68 of the Bankruptcy Act (11 U.S.C. § 108). We reject this contention because § 68 is not automatically applicable in Chapter X proceedings. Baker v. Gold Seal Liquors, 417 U.S. 467, 94 S.Ct. 2504, 41 L.Ed.2d 243 (1974); Lowden v. Northwestern National Bank, 298 U.S. 160, 56 S.Ct. 696, 80 L.Ed. 1114 (1936). Therefore, the Order of the District Court, which had full jurisdiction over the reorganization proceedings, enjoining "all creditors . . . and all other persons, firms and corporations" from " commencing . . . any action at law or proceeding in equity" against the debtor, San Francisco & Oakland Helicopter Airlines, barred appellants from asserting their counterclaim without the consent of that court.
 
 
 4
 Secondly, appellants contend that the judgment should be reversed and a new trial ordered because there were conflicting interests between them and they were represented by the same attorney. Under California law an attorney may represent litigants whose interests may possibly conflict providing the attorney makes a full disclosure and the litigants consent to the common representation. Lysick v. Walcom, 258 Cal.App.2d 136, 65 Cal.Rptr. 406 (1968). The consent may be express or implied. Big Bear Municipal Water District v. Superior Court, 269 Cal.App.2d 919, 75 Cal.Rptr. 580 (1969). Appellant Knauff and the attorney for appellants filed affidavits in support of a motion for new trial. The District Court considered the affidavits and, at least by implication, resolved the conflict issue adversely to the appellants. We are not persuaded that this ruling was erroneous.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Honorable James F. Battin, United States District Judge, District of Montana, sitting by designation