**DIVERSA–GRAPHICS, INC., Appellee,**

v.

**MANAGEMENT & TECHNICAL SERVICES COMPANY, Appellant.**

**No. 76–2069.**

United States Court of Appeals, Eighth Circuit.

Submitted June 17, 1977.

Decided Aug. 30, 1977.

---

James D. Eckhoff, St. Louis, Mo., argued, filed brief and appendix, and made rebuttal, for appellant.

Joseph H. Levie, New York City, argued; Richard S. Marx, Clayton, Mo., and Mark Podolsky, New York City, on brief, for appellee.

Before GIBSON, Chief Judge, and LAY and ROSS, Circuit Judges.

LAY, Circuit Judge.

Diversa-Graphics, Inc. was awarded a judgment against Management & Technical Services Company (Matsco) in the sum of $128,850.52. Matsco appeals from the judgment of the district court disallowing a setoff against Diversa-Graphics Inc., a debtor-in-possession under Chapter XI of the Bankruptcy Act. 11 U.S.C. § 701 et seq. Matsco also challenges the district court's finding that Diversa-Graphics, Inc. is a real party in interest entitled to bring this suit in its own name. We affirm.

Diversa-Graphics brought suit pursuant to 11 U.S.C. § 46, seeking to recover monies allegedly owing under a contract with Matsco. The cause was presented to the district court on stipulated facts. The court found that Matsco had succeeded to the interest of General Electric Company in a contract for printing services with Mendle Press, Inc.; that Mendle Press was statutorily merged into Diversa-Graphics; and that Diversa-Graphics had succeeded to the interest of Mendle Press in that contract. The court further found that Diversa-Graphics had performed under the contract; that the total value of these services remaining unpaid was $128,850.52; that Diversa-Graphics breached the contract on October 3, 1973; and that Matsco, in good faith and without reasonable delay, purchased the goods and services which were to have been rendered under the contract at an increased cost to it of $164,491.19.

The district court further found that in November of 1972, Diversa-Graphics had entered into two financing and loan agreements with Citicorp Factors, Inc.,[1] whereby Diversa-Graphics assigned its receivables to

---

1. Citicorp Factors, Inc., is now Citicorp Business Credit, Inc. It was added as a party-plaintiff in this action after motion to dismiss was denied.

Citicorp as security for a two million dollar loan and discretionary loans of up to 85 per cent of the receivables. Pursuant to that arrangement the accounts receivable due from Matsco were assigned to Citicorp.

On October 11, 1973, Diversa-Graphics filed its petition under Chapter XI of the Bankruptcy Act in the United States District Court for the Southern District of New York. Diversa-Graphics' application for an order authorizing it to assist Citicorp in the settlement and collection of accounts receivable was sustained by the court and it brought this suit against Matsco for the amount due under the contract. Matsco counterclaimed for damages it suffered as a result of Diversa-Graphics' breach of contract. The district court found for Diversa-Graphics on its claim and against Matsco on its counterclaim.

*Real Party in Interest.*

Matsco's first contention on appeal is that the district court erred in denying its motion to dismiss under Fed.R.Civ.P. 17 on the ground that Diversa-Graphics was not the real party in interest. Matsco argues that by the assignment of this particular receivable to Citicorp, Citicorp became the only real party in interest, and Diversa-Graphics lost its interest and could not sue in its own name.

The district court found that the assignment to Citicorp of the security interest in accounts receivable as collateral for present and future loans was not equivalent to an absolute and complete assignment of such accounts, and Diversa-Graphics retained sufficient interest in its claim to sue as a real party in interest. We agree.

We find that under controlling New York decisions Diversa-Graphics' assignment was as security for payment of a debt and that as such the assignment was not a complete assignment and Diversa-Graphics retained sufficient interest in the chose in action to be a real party in interest. *Cf. Texas San*

*Juan Oil Corp. v. An-Son Offshore Drilling Co.,* 194 F.Supp. 396, 397 (S.D.N.Y.1961). *See also* 3A Moore's Federal Practice ¶ 17.-09[1.–1], at 279 (2d ed.1974).

*Matsco's Counterclaim.*

Matsco next contends that the district court erred in refusing to allow its counterclaim for damages arising out of Diversa-Graphics' breach of contract. In ruling for the plaintiff on the counterclaim, the district court relied on two Supreme Court cases. In *Lowden v. Northwestern National Bank & Trust Co.,* 298 U.S. 160, 56 S.Ct. 696, 80 L.Ed. 1114 (1936), a railroad reorganization case, the Court set forth a number of factors to be considered in determining whether setoff should be allowed in those proceedings. Subsequently, in *Baker v. Gold Seal Liquors, Inc.,* 417 U.S. 467, 94 S.Ct. 2504, 41 L.Ed.2d 243 (1974), the Court held that as a general rule, setoff should not be allowed in the administration of railroad reorganizations. The district court here found that although authority may exist for setoff in suits involving Chapter XI proceedings, that did not mean setoff should automatically be allowed. It determined that insufficient evidence was presented in the record to determine the equities in light of the *Lowden* criteria, and therefore held that the defendant's counterclaim should be denied.

Section 68 of the Bankruptcy Act [2] provides that in cases where mutual debts exist between the estate of the bankrupt and a creditor, one debt shall be set off against the other. That section is applicable to Chapter XI proceedings *unless* allowance of the setoff would be inconsistent with the purposes of the proceeding.[3]

The purposes of Chapter XI proceedings are similar to those of reorganizations under Chapter X [4] and § 77 [5] in that the objective in each case is the continued vitality of the debtor organization, rather than a complete liquidation of assets to satisfy

2. 11 U.S.C. § 108.

3. 11 U.S.C. § 702.

4. 11 U.S.C. § 501 et seq.

5. 11 U.S.C. § 205.

debts as in straight bankruptcy. It has been recognized that in some cases, in order to protect the financial status of the debtor, setoffs should not be allowed in reorganization proceedings. *See Kagel v. First Commonwealth Co.*, 534 F.2d 194, 195 (9th Cir. 1976); *Susquehanna Chemical Corp. v. Producers Bank & Trust Co.*, 174 F.2d 783, 786–87 (3d Cir. 1949); *Baker v. Southeastern Michigan Shippers Co-Operative Association*, 376 F.Supp. 149, 155 (E.D.Mich.1973); *Penn Central Transportation Co. v. March Warehouse Corp.*, 356 F.Supp. 567, 568 (S.D. Ind.1972).

In *Baker v. Gold Seal Liquors, Inc., supra,* the Court established a general rule that no setoff should be allowed in § 77 railroad reorganization proceedings. Although we do not believe such a general rule should be adopted for all reorganization cases, we find that the factors mentioned in *Lowden v. Northwestern National Bank & Trust Co., supra,* and again in *Gold Seal* should be considered in plenary proceedings related to reorganization under Chapter XI proceedings before § 68 is applied. The Court's statement that a basic consideration must be to allow collection of amounts owed to the debtor "to keep its cash inflow sufficient for operating purposes, at least at the survival levels," *Baker v. Gold Seal Liquors, Inc., supra,* 417 U.S. at 471, 94 S.Ct. at 2507, is applicable here.

Certain other equitable considerations also militate against setoff in this situation. Since no plan of arrangement has been approved for distribution to the creditors of Diversa-Graphics, allowance of the setoff would grant a preference to Matsco since it would be credited in full for part of its claim, and the funds available for distribution to all creditors would be diminished by the amount of the setoff. The Supreme Court recognized this problem in *Baker v. Gold Seal Liquors, Inc., supra,* 417 U.S. at 474, 94 S.Ct. 2504.

We find that since sufficient facts to determine the equities are not available, Matsco's counterclaim was properly denied.[6]

The judgment of the district court is affirmed.

---

6. A Chapter XI reorganization case allowing a setoff, *In re Alfar Dairy, Inc.,* 458 F.2d 1258 (5th Cir. 1972), *cert. denied,* 409 U.S. 1048, 93 S.Ct. 517, 34 L.Ed.2d 501 (1972), is not contrary to our decision here. That case was before the bankruptcy court, and although it involved a fact situation similar to this one, the procedural aspects differed. The major issue considered by the court was whether the debtor had effectively rejected the contract after filing its bankruptcy petition, and whether the creditor's failure to file a claim in the bankruptcy proceeding precluded its right to assert a setoff. The court held that since the contract had not been effectively rejected the creditor's failure to file a claim did not preclude setoff, and, since requisite mutuality existed, it allowed a setoff.