■ FIRST NATIONAL CITY BANK, Respondent, v SIDNEY PAL, Appellant, et al., Defendants.—Order of the Supreme Court, New York County, entered June 8, 1979, granting reargument and upon reargument, granting plaintiff's motion to punish defendant Pal for contempt to the extent of requiring him to produce certain subpoenaed documents and to answer questions with respect to certain lines of interrogation, reversed, on the law and the facts, without costs, and the defendant's motion upon reargument granted. Plaintiff has recovered a substantial judgment against defendant under a guarantee made by defendant of loans made to corporations of which he was an officer and in which he was the principal. Plaintiff sought disclosure under CPLR 5223 in its proceeding to enforce the judgment (CPLR 5221). After an initial default which was vacated, the defendant appeared. However, he refused to produce the documents sought and refused to answer questions, asserting that he was the subject of a criminal investigation by the Federal Internal Revenue Service. After an *in camera* conference with a representative of the IRS, the Justice recognized that defendant was indeed the subject of a criminal investigation and endeavored to tailor her order to meet the problems posed. Prior to signature of the order, the defendant sought reargument. In order to avoid incriminating himself in the affidavit in support of reargument, the affidavit was made by his attorney and recited the events which ultimately led to the bankruptcy in South Carolina, of a corporation purchased by another corporation, of which defendant was an officer. The bankruptcy and the relationship between the two corporations is presently the subject of investigation by the United States Attorney in South Carolina. Defendant was called as a witness at a hearing in the bankruptcy proceedings held in New York and asserted his privilege against compulsory self incrimination. That privilege was recognized. Thereafter, the records of one or more than one corporation controlled by defendant were subpoenaed by the United States Attorney in South Carolina. Questions authorized by the order here appealed from might indicate that the moneys here sought to be inquired into were obtained from bankrupt corporations and thus could furnish the basis for prosecution for bankruptcy fraud and, conceivably, mail fraud. Similarly, the personal records sought might conceivably serve the same purpose. Moreover, inquiry into the areas permitted by Special Term might well disclose evidence sufficient to warrant prosecution for tax evasion, and larceny as well as the other crimes indicated. In these circumstances, the defendant has shown enough to invoke his privilege against self incrimination. Concur—Sandler, J. P., Sullivan, Bloom, Lupiano and Ross, JJ.