■ HEEDE HOIST AND MACHINE COMPANY, INC., Appellant, v BAYVIEW TOWERS APARTMENTS, INC., et al., Defendants, and NATIONAL WALL SYSTEMS et al., Respondents.—In an action, inter alia, to recover immediate possession of certain chattels, the plaintiff appeals from an order of the Supreme Court, Queens County, dated June 19, 1979, which denied its motion for an order of seizure on the ground of the Statute of Limitations. Order reversed, on the law, with one bill of $50 costs and disbursements payable jointly by respondents and motion for an order of seizure granted. The arrangement between the parties constituted a bailment. Where this type of relationship exists, the Statute of Limitations begins to run when the bailor demands the property and the bailee refuses to deliver it (Pine Hill Concrete Mix Corp. v Alto Corp., 25 AD2d 608, affd 19 NY2d 770). The appellant bailor demanded the return of the hoists approximately one month before this action was commenced. This is well within the three-year period in which an action to recover a chattel must be commenced (see CPLR 214, subd 3). Thus, the action and the simultaneous motion for an order of seizure were timely, and Special Term erred in denying the motion on this ground. Hopkins, J. P., Damiani, Gibbons and Cohalan, JJ., concur.

■ HOLLAND FARMS, INC., Respondent, v PRUZANSKY BROS., INC., et al., Appellants.—In an action, inter alia, for goods sold and delivered, in which a money judgment was entered in favor of plaintiff, defendants appeal from two orders of the Supreme Court, Kings County, both dated October 23, 1979, which, inter alia, held the individual defendants to be in contempt of court for refusing to give testimony in supplementary proceedings to enforce the judgment. Orders reversed, without costs or disbursements, and contempts vacated, on condition that the individual defendants appear before the Justice Presiding at Special Term, Part II, of the Supreme Court, Kings County, for examinations under proper supervision in accordance with the orders of that court, dated September 12, 1979, at a time to be fixed in a written notice of not less than five days; plaintiff's time to serve such notice is extended until 20 days after service upon it of a copy of the order to be made hereon, together with notice of entry thereof. In the event the condition is not complied with, then orders affirmed, with $50 costs and disbursements. The individual defendants failed to show that the questions asked were such as might be "dangerous" because a disclosure would be inimical to their Fifth Amendment rights (see Hoffman v United States, 341 US 479). There was no effort to provide any evidence of an ongoing criminal investigation of these individual defendants (cf. First Nat. City Bank v Pal, 72 AD2d 716). The only uncontested fact, that the United States Attorney has subpoenaed certain books and records, concerned the corporate defendant not the individual defendants, and dealt with a different time period from that covered by the supplementary proceedings. Mollen, P. J., Cohalan, O'Connor and Weinstein, JJ., concur.