OPINION OF THE COURT
Bernard M. Bloom, S.
Decedent Anna Hoffman died in 1940. Her will admitted to probate, after minor preresiduary dispositions, created a trust for the income benefit of her daughter Anna Amend with remainder to Anna’s children. The trust was funded in 1946 and administered by cotrustees Anna Amend, the income beneficiary and a Mr. McNamara. Mr. McNamara died in 1959. From 1959 to June 1, 1977, the date of her death, the trust was administered by Anna Amend, the income beneficiary, as sole trustee.
At her death in 1977, the remaindermen of the trust were Anna Amend’s seven children, one of whom was Paul Amend.
Anna Amend’s executor has now accounted as a fiduciary of the deceased trustee. *498 The account reveals that on October 9, 1963, Anna Amend, as sole trustee, made a loan from the trust to Paul Amend in the sum of $64,000. Paul executed a demand promissory note to the trust. As security, Paul executed an assignment of all his right, title and interest in his remainder interest, then (as now) a one-seventh share of the principal. Paul Amend made interest payments on the loan from 1963 to 1968. No part of the principal of the loan has been repaid.
The accounting fiduciary now seeks to charge Paul Amend’s remainder interest in the trust with the unpaid principal on the note. The unpaid principal far exceeds the value of his remainder interest. Paul Amend has filed objections to the account.
Paul’s principal objection is that the Statute of Limitations bars the satisfaction of his loan from the portion of trust principal now payable to him. He correctly argues that a cause of action on a demand instrument accrues and the Statute of Limitations begins to run upon issuance of the instrument (see Uniform Commercial Code, § 3-122; CPLR 206). He, therefore, contends that since the applicable Statute of Limitations is six years from accrual, an action or proceeding on the note whether measured from the date of execution or the date the last payment of interest was made effectively bars the fiduciary from commencing any action or proceeding to enforce the terms of the note or assignment.
In New York the theory of the Statute of Limitations generally followed is that the passing of the applicable period does not destroy the substantive right; it merely suspends the remedy (Siegel, New York Practice, p 35). As a consequence, when security for a debt is a lien on property, personal or real, the lien is not impaired because the remedy at law for the recovery of the debt is barred. (Hulbert v Clark, 128 NY 295.) Since the condition for discharge of the lien is payment of the underlying obligation, the lien remains enforceable even though the remedy on the note may be suspended by interposi *499 tian of the defense of Statute of Limitations (Greenley v Greenley, 114 App Div 640, 643).
The practical result is that while a creditor may be deprived of the right to enforce payment if the Statute of Limitations is timely interposed in an action on the note, the barring of an action on a secured debt does not affect the right to reach the security (Bernstein v Allstate Ins. Co., 56 Misc 2d 341). Each action is covered by its own Statute of Limitations.
In the instant case, an action on the note by the trust would clearly be barred (CPLR 213). However, the assignment by Mr. Amend of his remainder interest could not become effective until the trust terminated. An agreement to charge, assign or give security upon property to be acquired by the assignor in the future creates an equitable assignment. While it creates no legal estate or interest in the fund to be acquired by the promisor, it does constitute an equitable lien upon the property and when the property is acquired at a subsequent time, it may be enforced in the same manner as a lien or assignment upon specific property existing and owned by the assignor on the date of the assignment (4 Pomeroy, Equity Jurisprudence [5th ed], § 1236). Consequently, any cause of action by the trust to enforce its equitable assignment would not accrue until the trust terminated. As the trust did not terminate until 1977 and the proceeding to settle the account and enforce the assignment was commended in 1979, a cause of action on the assignment is not barred by the six-year Statute of Limitations applicable to this proceeding (CPLR 213).
Objectant’s further claim that the assignment is invalid because it was not recorded is without merit. EPTL 13-2.2 requiring recordation of assignments of interests in property is primarily a recording statute designed to alert subsequent assignees of an interest in the decedent’s estate to the fact of a prior assignment of such interests. (Hoffman, Practice Commentary, McKinney’s Cons Laws of NY, Book 17B, EPTL 13-2.2, p 397.) Thus, while a failure to record may result in a loss of priority, it does not affect the intrinsic validity of the assignment *500 as between assignor and assignee (Matter of Eckel, 256 App Div 1031; Matter of Gray, 28 Mise 2d 1051).
The accounting fiduciary is authorized by reason of the assignment to set off Paul Amend’s indebtedness against his one-seventh remainder interest in the principal of the trust. The principal shall be distributed in equal shares to the six other remaindermen.
Since Paul Amend’s indebtedness to the trust is far greater than his remainder interest, all other objections filed by him, not previously withdrawn, are dismissed.
The objections filed by the other remaindermen have been withdrawn.