Suzanne **ROBINSON,** Plaintiff,

v.

Constance **KAMENS,** Defendant.

**86 CIV. 9553 (PKL).**

United States District Court, S.D. New York.

July 6, 1987.

Spielberg & Elefante, Eastchester, N.Y., Leonard I. Spielberg, of counsel, for plaintiff.

Bender & Frankel, New York City, Andrew Kosloff, of counsel, for defendant.

## OPINION & ORDER

LEISURE, District Judge.

Defendant has moved for dismissal of plaintiff's amended complaint (the "Amend-

ed Complaint") and for an award of sanctions. Defendant contends that plaintiff is not the real party in interest and that plaintiff's claims are barred by the applicable statutes of limitations. Both parties included affidavits and exhibits in their motion papers. The Court thereafter informed the parties that it would consider matters outside the pleadings. *See, e.g., Blassingame v. Secretary of the Navy*, 811 F.2d 65, 74 (2d Cir.1987).

The first count of the Amended Complaint seeks replevin of a pre-Columbian mask, which plaintiff allegedly purchased in May 1982. ¶¶ 2–7. The second count alleges that "[d]efendant has breached a contract between herself and the plaintiff by claiming ownership of the mask for herself and not proceeding to resell the mask as agreed." ¶¶ 9–11. The third count seeks compensation for alleged damage to plaintiff's reputation. ¶¶ 12–14. The parties are in agreement that New York law applies in this diversity action. *See* Plaintiff's Memorandum of Law at Point I; Defendant's Memorandum of Law at 2.

### Real Party in Interest

Defendant has moved to dismiss the complaint on the ground that plaintiff "assigned whatever claim she purported to have with respect to the mask to one John Whitaker. Therefore, Ms. Robinson has no legally cognizable claim in or to the mask...." Defendant's Memorandum of Law at 8.[1] The purported assignment upon which defendant relies states,

I, SUZANNE ROBINSON ... DO SELL TO JOHN WHITAKER AND CONVEY TO HIM MY *ENTIRE CLAIM TO OWN-ERSHIP* OF THE PRE–COLUMBIAN MASK OF WOOD DESCRIBED BELOW AND BELIEVED TO BE AT THIS TIME IN THE POSSESSION OF EVERETT RASSIGA.

*See* Exh. 1 to Affidavit of Constance Kamens, sworn to on January 7, 1987 (the

---

1. Although defendant has stated that plaintiff "lacks the capacity to sue," *id.,* it is clear that defendant's argument is properly cognizable un-

der Fed.R.Civ.P. 17(a), which provides that "[e]very action shall be prosecuted in the name of the real party in interest."

"Kamens Affidavit") (emphasis added). In considering defendant's position, the Court "must determine exactly what has been assigned to make certain that the [plaintiff] is the real party in interest with regard to the particular claim involved in the action." C. Wright & A. Miller, Federal Practice and Procedure § 1545 at p. 653 (1971). In this case, any assignment was made only with respect to plaintiff's claim of ownership to the mask. This conclusion is clear from the face of the purported assignment. Moreover, the document on which defendant relies is dated March 4, 1983, while the agreement which is the basis of plaintiff's contract claim was not entered into until "mid 1983." *See* Affidavit of Suzanne Robinson, sworn to on February 6, 1987 (the "Robinson Affidavit") at ¶ 12. Assuming its validity, the assignment certainly evidences no intent to include after-acquired claims. Accordingly, the Court holds that any assignment did not transfer the contract claim and plaintiff is the real party in interest as to that claim.

 As to her first count, which seeks to recover a chattel, plaintiff claims that the assignment was "obtained by fraud" and is therefore a "nullity" under the law of New York. Plaintiff's Memorandum of Law at Point II. *See also* Robinson Affidavit at ¶ 9. Defendant responds that that plaintiff's affidavit should be discounted because it alleges fraud in only conclusory terms. Defendant's Reply Memorandum of Law at 10. In addition, defendant contends that other portions of plaintiff's affidavit indicate that she "knowingly signed the assignment to Whitaker 'in order for him to regain possession of [the] mask' and ... that [plaintiff] thus 'authorized [Whitaker] to act for [her].' " *Id.* at 10–11 (quoting Robinson Affidavit at ¶ 9). The Court concludes that plaintiff's unrebutted allegations of fraud are sufficient to preclude dismissal at this juncture.[2] Even accepting defendant's version of the dispute, *i.e.* that plaintiff knowingly assigned her claim for purposes of collection, dismissal is still unwarranted. Under New York law, where there has been a partial assignment, such

as an assignment for collection, the assignor and assignee each retain an interest in the claim and are both real parties in interest. *See Southern Associates, Inc. v. United Brands Co.,* 67 A.D.2d 199, 414 N.Y.S.2d 560, 563 (1979); *Texas San Juan Oil Corp. v. An-Son Offshore Drilling Co.,* 194 F.Supp. 396, 397 (S.D.N.Y. 1961); *Diversa-Graphics, Inc. v. Management & Technical Services Co.,* 561 F.2d 725, 727 (8th Cir.1977). *See also* 6 Wright and Miller § 1545 at p. 654–55.

### Statutes of Limitations

Defendant asserts that each cause of action contained in the Amended Complaint is barred by the applicable statute of limitations. The third count, which alleges that defendant damaged plaintiff's reputation, resembles a claim for defamation and is thus subject to the one-year limitations period contained in N.Y.Civ.Prac.L. & R. § 215(3) (McKinney 1972). *See Morrison v. National Broadcasting Co.,* 19 N.Y.2d 453, 459, 280 N.Y.S.2d 641, 644, 227 N.E.2d 572, 574 (1967). In her response to defendant's motion, plaintiff has not disputed this point. The Court concludes that defendant's third-count is time-barred, and accordingly, it is hereby dismissed.

Plaintiff's first count is "an action to recover a chattel or damages for the taking or detaining of a chattel," and is thus subject to a three-year statute of limitations. N.Y.Civ.Prac.L. & R. § 214(3) (McKinney Supp. 1987). The parties agree that the three-year limit applies, but dispute the issue of when plaintiff's cause of action accrued. Defendant contends that the action accrued when plaintiff and a person acting as her agent first made demands for the return of the mask in March 1983. *See* Exh.'s 1–4 to the Affidavit of Andrew Kosloff, Esq., sworn to on January 23, 1987; Kamens Affidavit at ¶¶ 4–6; Robinson Affidavit at ¶¶ 5–8. *See also, e.g., Heede Hoist and Machine Co. v. Bayview Towers Apartments,* 74 A.D.2d 598, 424 N.Y.S.2d 517 (1980) (Statute of limitations begins to run when plaintiff demands property and defendant refuses to deliver it.).

---

**2.** The denial of defendant's motion is without prejudice to renewal after further discovery.

Plaintiff asserts, however, that after these initial demands were made, plaintiff and defendant reached an agreement concerning the possession and eventual disposition of the mask. Robinson Affidavit at ¶¶ 12–15. According to plaintiff, defendant was to continue possession of the mask until she effected a sale to a third party, and was bound to share the proceeds of such a sale with the plaintiff. *Id.* at ¶ 12. In a previous state court action, Kamens stated in a verified complaint, sworn to on August 9, 1983, that Robinson "was to share as [her] partner in the proceeds of" the sale of the mask. Exh. 1 to Robinson Affidavit at p.1. Plaintiff concludes that, due to her agreement with Kamens, her cause of action did not accrue until after December 12, 1983. Robinson Affidavit at ¶ 15. Since this action was commenced on December 12, 1986, plaintiff asserts that the statute of limitations does not bar her first count. Plaintiff's Memorandum of Law at Point I.

In response to plaintiff's account, defendant states that after plaintiff made her initial demands for return of the mask, plaintiff proposed an agreement for settling the dispute. Affidavit of Constance Kamens, sworn to on March 10, 1987 (the "Kamens Reply Affidavit"), at ¶ 4. Kamens states that she never signed the proposed agreement. *Id.* at ¶ 4. Moreover, Kamens notes that the proposed agreement contained a demand for return of the mask if no sale occurred within three months. *Id.* at ¶ 5. *See also* Exh. 1 to Kamens Reply Affidavit at ¶ 5.

The Court finds that this situation closely resembles the facts in *Lehman v. Lehman*, 591 F.Supp. 1523, 1527–28 n. 20 (S.D. N.Y. 1984). In that case, the first demand for return of the disputed property occurred on August 2, 1976, but "shortly thereafter [plaintiff] in effect withdrew that demand and decided to permit [defendant] to retain possession until they were able to resolve their differences" regarding other matters. *Id.* at 1528 n. 20. Judge

Sprizzo found that on account of this agreement, plaintiff's August 2 demand "was never refused, so the statute of limitations did not commence running at that time." *Id.* (citation omitted). The Court thus relied on the New York rule that "where the defendant lawfully acquired possession and has committed no overt act of conversion by an unlawful sale or disposition of the property, the statute of limitations does not commence to run until the possessor refuses a demand by the owner that he return the property." *Id.* at 1527–28 n. 20 (citing, among other cases, *MacDonnell v. Buffalo Loan, Trust and Safe Deposit Co.*, 193 N.Y. 92, 101, 85 N.E. 801, 803 (1908). *See also Johnson v. Gumer*, 94 A.D.2d 955, 955, 464 N.Y.S.2d 318, 319 (1983) (Statute of limitations does not begin to run, where original possession is lawful, "until the defendant refuses to return the property after demand or until he sooner disposes of the property.").

██ In the instant case, the facts regarding the timing and nature of the agreement, if any, between plaintiff and defendant are in dispute. It is also unclear whether defendant ever expressly refused plaintiff's demands and whether defendant continues to possess the mask. *See* Affidavit of Leonard I. Spielberg, Esq., sworn to on February 12, 1987, at ¶ 8. On the present record, defendant has not demonstrated that plaintiff's claim is timebarred.[3] *See Bidetti v. Salter*, 108 A.D.2d 890, 891, 485 N.Y.S.2d 772, 773 (1985) (date of accrual is an issue of fact).

██ With respect to plaintiff's cause of action for breach of contract, defendant argues that the Court must apply a threeyear statute of limitations, rather than a six-year period, because "the essence" of plaintiff's Amended Complaint involves conversion and replevin, not breach of contract. Defendant's Memorandum of Law at 6. Even assuming the continued validity of the line of cases upon which defendant relies,[4] the Court is unable to conclude that

---

**3.** *See supra* note 2.

**4.** As a result of *Video Corp. of America v. Frederick Flatto Associates*, 58 N.Y.2d 1026, 1028, 462

N.Y.S.2d 439, 448 N.E.2d 1350 (1983), the theory of the cases cited by plaintiff is open to question. *See, e.g., Stadtman v. Cambere*, 73 A.D.2d

plaintiff's second count is a contract claim merely in form and not in substance. The basis of the contract claim is an alleged agreement to which defendant has previously referred in state court pleadings. *See* Exh. 1 to Robinson Affidavit. Moreover, it is well-established that "the fact that a plaintiff may avail himself of a remedy with a shorter statute does not bar his pursuit of a remedy to which a longer statute is appropriate." *Klein v. Parke-Bernet Galleries, Inc.*, 21 A.D.2d 772, 772, 250 N.Y.S.2d 656, 657 (App.Div.1964).[5]

### Conclusion

Defendant's motion to dismiss count three of the amended complaint is hereby granted. Defendant's motion to dismiss is denied in all other respects. In view of the foregoing, defendant's motion for sanctions pursuant to Fed.R.Civ.P. 11 and 28 U.S.C. § 1927 is also denied.

501, 502, 422 N.Y.S.2d 102, 104 (1979) ("'[I]n applying the Statute of Limitations we look for the reality, and the essence of the action and not its mere name.'") (citation omitted).

**5.** Defendant has not argued that the contract claim should be dismissed for failure to state a claim upon which relief may be granted, and the Court does not address that issue.