OPINION OF THE COURT
Marie M. Lambert, S.
The issue on this motion for summary judgment in a discovery proceeding is whether a claim to two sculptures by Paul Manship "left on loan” in a house on Martha’s Vineyard *274 which the movant Milton Gordon purchased from Katharine Cornell McClintic in 1969 is barred as a matter of law. The material facts are not in dispute:
In 1969 Mr. Gordon purchased Mrs. McClintic’s 17.5-acre Vineyard property, known as "Chip Chop”, together with all of the personal property contained in the buildings on the property except for certain tangibles which were expressly excluded. A rider to the contract of sale listed the excluded property. The following language appears at the bottom of the rider:
"Additional Provisions: N. B. Large clock would be left if wanted on loan, but should eventually go to a museum
"Cornell and McClintic signs of the Zodiac over each fireplace would be left if wanted on loan, but should eventually go to a Museum”.
The "Large clock” was not left in the house but the second item, the Cornell and McClintic signs of the Zodiac, did remain. Mrs. McClintic died in 1974. Her will, which was admitted to probate in this court, bequeaths to Nancy Hamilton all of her tangible personalty (except for certain theatrical personalty which was divided between Nancy Hamilton and another legatee). Nancy Hamilton was also the residuary beneficiary of Mrs. McClintic’s will and a coexecutor with a corporate fiduciary.
In 1975 Nancy Hamilton signed a receipt and release stating that she had received from the executor all of the tangibles bequeathed to her. In 1977 the McClintic executors settled their account informally by receipt and release and Nancy Hamilton signed a receipt and release discharging the corporate executor. This instrument stated that she had received all of the property to which she was entitled from the estate and that certain payments made to her represented "the final payments in full satisfaction of the balance of all legacies and devises for my benefit contained in said will.”
Nancy Hamilton died on February 18, 1985. Her executors aver that Paul Manship’s renown as an artist "has increased in recent years” and on September 20, 1985 they made a written demand on Mr. Gordon for the return of the signs of the Zodiac. Apparently no demand had ever been made by Mrs. McClintic or by Ms. Hamilton. Mr. Gordon promptly rejected the executors’ demand by letter stating that these works were sold to him as part of the house. Nancy Hamilton’s executors thereupon instituted this discovery proceeding to try the issue of title to these sculptures.
*275 Mr. Gordon seeks summary judgment on the ground that the executors’ claim is barred by the Statute of Limitations and by Nancy Hamilton’s receipts and releases. More than enough years have certainly passed since Mrs. McClintic’s death (when Mr. Gordon argues the Statute of Limitations began to run) and even since the execution of the said receipts and releases to invoke the bar of the three-year Statute of Limitations for replevin which would apply here (CPLR 214 [3]; Matter of Mandelbaum, NYU, Oct. 3, 1985, at 7, col 3) if time were the only element as it is, for example, in the case of a promissory note payable on demand. The cause of action on a demand instrument accrues and the statute starts to run when the instrument is issued; no demand is required to start the statute running. (CPLR 206; UCC 3-122; Matter of Hoffman, 107 Misc 2d 497; Estate of Johnson, NYU, Aug. 15, 1983, at 15, col 2.)
The rule is different, however, for money deposited to be repaid only upon a special demand and for personal property delivered to another "not to be returned specifically or in kind at a fixed time or upon a fixed contingency, [where] the time within which the action must be commenced shall be computed from the demand for repayment or return.” (CPLR 206 [a] [2].) The limitations period for an action to recover tangibles left with another does not begin to run until demand has been made and refused (Pine Hill Concrete Mix Corp. v Alto Corp., 25 AD2d 608, affd 19 NY2d 770; Heede Hoist & Mach. Co. v Bayview Towers Apts., 74 AD2d 598; Matter of Dunbar, 49 AD2d 858) unless an unequivocally negative response to plaintiff’s inquiry has rendered the making of a demand unnecessary (Tillman v Guaranty Trust Co., 253 NY 295; see, Annotation, Limitations — Bailed Property, 57 ALR2d 1044; 36 NY Jur, Limitations and Laches, § 64).
But the absence of a demand until 1985 does not automatically mean that the Statute of Limitations in this case did not begin to run until the demand was made. The demand which is necessary to start the statute running must be made within a reasonable time. (Heide v Glidden Buick Corp., 188 Misc 198; see, Nyhus v Travel Mgt. Corp., 466 F2d 440 [DC Cir]; Kunstsammlungen Zu Weimar v Elicofon, 536 F Supp 829, 849, affd 678 F2d 1150 [2d Cir]; DeWeerth v Baldinger, 836 F2d 103 [2d Cir], cert denied 486 US 1056.) What is reasonable depends on the circumstances in each case. (See, op. cit, 57 ALR2d 1044.)
*276 Clearly there has been an unusual delay in making the demand in this case. The sculptures changed hands in 1969. The court is reluctant to rule, on the bare record of this motion, that the delayed demand was outside the parties’ contemplation. On its face the contract of sale would authorize Mr. Gordon’s retention of the sculptures for an indefinite time as a loan pursuant to the contract. Mr. Gordon never acquired title to them if it is a loan. Conceivably the parties intended that they go to a museum once Mr. Gordon was no longer enjoying them. The record here is silent as to the nature of the relationship, if any, between the parties to the contract of sale. Even Mr. Gordon appears to agree that the statute did not start to run until Mrs. McClintic’s death. The issue of what is a reasonable time for making a demand in this case is a question of fact to be determined after a hearing. In the absence of evidence that a long delay was within the parties’ contemplation and hence reasonable in this case, the court would conclude that the demand here was unreasonably delayed in violation of the policy of the Statute of Limitations and thus time barred.
Neither of the two receipts and releases executed by Nancy Hamilton shields Mr. Gordon from her executors’ claim. Likewise, no issue as to the ownership of these sculptures was raised during the administration of Mrs. McClintic’s estate. They were not listed among her tangibles on the Federal estate tax return.
If the McClintic executors had settled their accounting judicially, the decree discharging them would not bar a subsequent discovery proceeding with respect to the ownership of assets which were not set forth in the accounting or the decree. (Matter of Williams, 1 AD2d 1022; see, 4A Warren’s Heaton, Surrogates’ Courts § 402, If [3] [b] [6th ed].) Nothing contained in these receipts and releases warrants according them broader efiect than a judicial decree on accounting. The general language of release in these instruments cannot be compared to a creditor’s acceptance of a payment in settlement of a litigated claim " 'in full satisfaction’ ” of that claim as was the situation in Matter of Schaefer (18 NY2d 314, 316; see, Matter of Jones, 13 Misc 2d 678, affd 8 AD2d 829, lv denied 7 NY2d 708). The ownership of the sculptures was not at issue in the accounting. Even if Nancy Hamilton as a legatee were barred by these releases from making any claim *277 for this property against her coexecutor, there is no authority for extending such a shield to Mr. Gordon.
The motion for summary judgment is denied. The court will fix a date for a hearing on all factual issues including the question of what is a reasonable time for the demand in the order to be entered herein.